Robert STEWART, Plaintiff–Appellee,

v.

Donald J. DONGES, individually and in official capacities, Defendant–Appellant,

and

Dencil Haycox, individually and in official capacities; Richard Wiles, individually and in his official capacity as Mayor of Rio Rancho; City of Rio Rancho, a municipal corporation, Defendants.

No. 91–2073.

United States Court of Appeals, Tenth Circuit.

Nov. 6, 1992.

Sheldon Nahmod, Chicago, Ill. (M. Karen Kilgore of White, Koch, Kelly & McCarthy, P.A., Santa Fe, N.M., with him on the briefs), for defendant-appellant.

Philip B. Davis, Albuquerque, N.M. (Macon McCrossen, Albuquerque, N.M., and Richard Rosenstock, Santa Fe, N.M., with him on the brief), for plaintiff-appellee.

Before LOGAN, SETH, and SNEED,* Circuit Judges.

SETH, Circuit Judge.

This appeal concerns *only* attorneys' fees awarded to the Plaintiff in *Stewart v. Donges* in the United States District Court for the District of New Mexico. The case was previously appealed to this court in two appeals: one on the denial of a Motion for Summary Judgment by the Defendant Donges claiming qualified immunity and the other from a judgment from a trial on the merits but with a jurisdictional challenge. The two matters were consolidated and decided in *Stewart v. Donges*, 915 F.2d 572 (10th Cir.1990), with an opinion which

describes the facts and the procedural issue very clearly and at length.

It is sufficient to state that the basic action was under 42 U.S.C. § 1983 asserting a wrongful arrest and charges by the police officer Donges. The complaint also named the chief of police of the City and the City as defendants. It made allegations of failure to train and supervise and the City policy. In short, the case was a typical and uncomplicated § 1983 case. Depositions were taken, pretrial offers of settlement were made by both sides, but no agreement was reached, and the case was tried.

The trial was held to be void as to Donges on the appeal to this court and the case was later settled with $42,500 to be paid the Plaintiff for damages. There was no agreement as to attorneys' fees. The trial court ultimately awarded Plaintiff attorneys' fees in the amount of $354,881.87 for about 2,411 hours of time spent by Plaintiff's three attorneys. According to the trial judge who made the award, the hourly rates were the highest in the district.

On the fee issue here concerned, it is necessary to describe some of the proceedings, but again see 915 F.2d 572. The Defendant police officer Donges filed a pretrial Motion for Summary Judgment claiming qualified immunity. The motion was denied. The court held that there were material facts in dispute. Donges timely filed a Notice of Appeal therefrom to this court in reliance on *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). No motion was made by Plaintiff to have the appeal certified as frivolous under *United States v. Hines*, 689 F.2d 934 (10th Cir.1982), and no such certification was made. Defendant Donges had moved to stay the trial pending appeal before filing the Notice of Appeal. This motion was opposed by Plaintiff, and the trial court denied the stay.

The trial proceeded despite the then pending appeal. A verdict on liability was directed against Donges only, and the ver-

* Honorable Joseph T. Sneed, United States Circuit Judge for the Ninth Circuit, sitting by desig-

nation.

dict of the jury for compensatory damages against him was for $39,804, and punitive damages of $47,000. The jury found in favor of the other Defendants, the police chief and the City. The trial court then awarded attorneys' fees and costs at that point to Plaintiff in the amount of $252,-538.11 which was virtually all of the fees claimed by Plaintiff's three attorneys and their clerks. This award was made despite the court's recognition that this was a relatively straightforward case whose trial "did not require three plaintiff's attorneys." Memorandum Opinion at 2–4 (October 11, 1989).

As mentioned, this court thereafter decided Donges' appeal of the denial of summary judgment, and of the case on the merits. In *Stewart v. Donges*, 915 F.2d 572, it was decided that the trial was *void* because the trial court had lost jurisdiction upon the filing of the Notice of Appeal by Donges. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411. This court in part said in Donges' appeal, 915 F.2d at 574:

> "[1] As an initial matter, we must decide whether the defendant's interlocutory appeal from the denial of summary judgment based on qualified immunity divested the district court of jurisdiction to conduct a trial. We hold that it did, and that because the trial was conducted without jurisdiction, it was a nullity."

We also held that the denial of Donges' Motion for Summary Judgment on qualified immunity was the correct disposition by the trial court because there were unresolved facts. We did *not* decide whether the appeal was frivolous. The case was remanded to its pretrial status for resolution of the summary judgment facts. However, the summary judgment factual issues were never decided.

After our remand to the trial court a new trial date was set. Donges then made an Offer of Judgment in the amount of $42,-500 plus costs, but without attorneys' fees. The Plaintiff accepted the offer, and this concluded the case without a trial. The trial court thereafter entered an award of attorneys' fees to Plaintiff in the amount of $354,881.87, as mentioned, and this appeal was taken from that judgment.

The first award of attorneys' fees, which was entered after the conclusion of the void trial, totaled $252,538.11. This fee award consisted of the following attorneys' hours and rates: Mr. Davis for 601.9 hours at $135 per hour; Ms. McCrossen for 680.7 hours at $100 per hour and 43.2 hours at $50 per hour; and Mr. Rosenstock for 427.3 hours at $150 per hour. The final fee award of $354,881.87 included all of the same attorneys' hours which were included in the first fee award; however, the district court increased the applicable hourly rate. In addition, the court awarded fees for posttrial work so that the final award of attorneys' fees was for the following: Mr. Davis for 895.1 hours at $150 per hour; Ms. McCrossen for 786.6 hours at $110 per hour and 43.2 hours at $55 per hour; and Mr. Rosenstock for 686.0 hours at $175 per hour. The balance of the award was for miscellaneous costs and clerks' fees.

In our consideration of the basic aspects of the issue as to attorneys' fees awarded by the trial court, we are concerned with basic legal issues. It is apparent that significant issues were decided by this court on the initial appeals in *Stewart v. Donges*, 915 F.2d 572. As mentioned, it was there held that the trial court "lacked jurisdiction to proceed to trial in this matter as it did." The opinion demonstrates that there was a complete lack of jurisdiction to act after the Notice of Appeal was filed. This was, of course, entirely different from the typical reversal on appeal, or even a mistrial, as a valid trial had not been held and never was held.

Our remand for facts on the issue of summary judgment on the immunity issue, was, of course, directed to that pretrial motion as to whether Donges would have to go to trial at all. The decision in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411, demonstrates that an appeal could properly be taken under these circumstances with the consequences as to jurisdiction as would follow an appeal under 28 U.S.C. § 1291. This was carefully discussed as it applied to this case in the

opinion in *Stewart v. Donges*, 915 F.2d 572. That opinion demonstrates that a void trial was held after Defendant's Motion to Stay the trial pending an appeal; after the Plaintiff opposed that motion (which motion was denied by the trial court); after the Notice of Appeal was filed; and after Plaintiff failed to move the trial court to have the appeal declared to be frivolous. There was no burden on the Defendant after his Motion to Stay the trial was denied, and after the appeal was taken, to make a motion in the court of appeals to stay the trial. The case returned to a pretrial status.

We must conclude in view of the then existing authorities that Plaintiff was responsible for the trial being held. One of Plaintiff's attorneys during a hearing on the summary judgment motion mentioned to the court "the *Mitchell* and *Forsyth* doctrine," and asked whether an appeal would be taken. Having the trial before the immunity issue was decided was contrary to Donges' right not to then go to trial at all.

Before a valid trial was held the case was settled, as mentioned. Plaintiff's attorneys accepted Defendant's offer of $42,500 to Plaintiff and $17,000 in costs. The issue of attorneys' fees was left undecided by the parties. The court awarded plaintiff attorneys' fees in the amount of $354,881.87.

■ Defendant–Appellant contends that Plaintiff–Appellee is not entitled to attorneys' fees for the voided trial and related trial preparation, and that the amount of the awarded fees is unreasonable. Plaintiff's attorneys' fees were awarded pursuant to 42 U.S.C. § 1988(b), which reads in pertinent part:

> "In any action or proceeding to enforce a provision of section ... 1983 ... of this title ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

A plaintiff may be a prevailing party even though the case was settled prior to a valid final adjudication. The test for determining whether a plaintiff is the "prevailing party" under § 1988 in the absence of a judicial determination is (1) the lawsuit must be causally linked to the *relief obtained*, and (2) the defendant's conduct in response to the lawsuit was required by law. *Supre v. Ricketts*, 792 F.2d 958 (10th Cir.1986). "It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). We must conclude as a matter of law that the reasons advanced by the trial judge were in error. We hold that Appellee is not entitled under the statute and case law to attorneys' fees as awarded by the trial court.

After the "trial" on the merits, the district court issued an Order and a Memorandum Opinion ("Order I") on October 11, 1989 in which the court declared that there was "no question plaintiff [was] a prevailing party." Although the court failed to give a clear explanation for its determination as required by *Hensley*, 461 U.S. 424, 103 S.Ct. 1933, the court presumably based its conclusion on its directing a verdict against Defendant Donges and on the jury's awarding compensatory and punitive damages totaling $86,804. Subsequently, the court awarded virtually all of the attorneys' fees requested by Plaintiff for the trial and trial preparation. This award was before the trial was held to be void. We find this award to be erroneous as a matter of law as no one had then prevailed.

As previously discussed, the trial was declared void insofar as it related to Defendant Donges. *Stewart v. Donges*, 915 F.2d 572 (10th Cir.1990) (void trial is a nullity). Because the voiding of the trial rendered the trial a nullity from the outset, the Plaintiff cannot be considered a "prevailing party" under § 1988 with respect to Defendant Donges. *Cf. Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S.Ct. 202, 203, 102 L.Ed.2d 1 (1988) ("case was moot before judgment issued, and the judgment therefore afforded the plaintiffs no relief whatsoever. In the absence of relief, a party cannot meet the threshold requirement of § 1988 that he prevail...."). The case before us reverted to its pretrial status. Consequently,

Plaintiff is not entitled to any attorneys' fees which relate to the trial of Donges or its preparation.

■ With respect to the other Defendants at trial, the jury found in favor of the City and chief of police on all claims. In *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), we held that if claims involve a common core of facts or are based on related legal theories and plaintiff achieves "excellent results," attorneys' fees should encompass all hours reasonably expended, even if a plaintiff failed to prevail on all contentions. However, a plaintiff must, at a minimum, be a prevailing party with respect to a portion of the litigation in order to receive fees. *Id.* at 556; *see also Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (plaintiff must be able to point to resolution of dispute which changes legal relationship between parties). In this case Plaintiff was not a prevailing party against any Defendant at trial as the trial was void with respect to Defendant Donges and the jury found in favor of the City and police chief. Therefore, Plaintiff is not entitled to any attorneys' fees relating to the trial even if the claims of Defendants involved a common core of facts.

■ In denying the award of Plaintiff's attorneys' fees for the trial, we also hold the award of trial preparation fees to be erroneous as a matter of law. Again, Plaintiff was not the prevailing party. As to the settlement, there is no evidence in the record that the trial preparation advanced the case to settlement nor that the preparation was in any way used in the actual settlement of the dispute. Rather, the record reflects only that the pretrial work was used for the trial which we subsequently voided. The trial preparation fees are not recoverable.

The analysis in this paragraph is included because it is pertinent to the later description of claims for posttrial fees. In its Order I, the district court concluded that the use of three attorneys was reasonable in this case. Yet in the same Opinion, the court noted that Mr. Davis was an experienced civil rights litigator and that Mr. Rosenstock, the third attorney, came into the case during its latter stages. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197 (10th Cir.1986) (affirming district court's denial of fees for attorney who appeared late in the litigation when his expertise, if needed, was needed at the outset of the litigation). Moreover, the court justified its conclusion on the facts that civil rights litigation "is a complex and constantly changing area of the law. Rarely do you find a case of any magnitude that does not warrant *two* attorneys per side." Order I, at 2 (emphasis added). (But here three attorneys with clerks were charged.) However, these justifications as to civil rights cases are weakened by the court's statements that this was a rather straightforward case and that "[e]ven the most neophyte of defense counsel or adjuster for the risk management division should have recognized immediately that this case was a loser." *Id.* Throughout the course of this case, the district court made statements, in substance, that this was an easy case and that the Plaintiff would obviously win. Therefore, we must hold that the court abused its discretion in awarding fees for Mr. Rosenstock as he was unnecessarily engaged by Plaintiff as the third attorney for this "rather straightforward" case.

### The Settlement

■ After our decision in *Stewart v. Donges*, Donges made an Offer of Judgment and the case was settled. In its Order dated February 22, 1991 ("Order II"), the district court then awarded to Plaintiff's attorneys the fees in the final amount, which included the court's original award made after the trial. In Order II the trial court concluded that the Plaintiff was a "prevailing party" with respect to Defendant Donges' two appeals to this court. We disagree with this conclusion, and in any event this was not the test. The Plaintiff lost completely the appeal on the merits as the trial was voided. On the summary judgment/qualified immunity issue, the Plaintiff had some success because we held that the district court did not err by denying Donges' Motion for Summary

Judgment when questions of fact remained unresolved. However, this "victory" was procedural in that it served to return the parties to a pretrial position, and the substance of Donges' motion was never decided. *See Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).

We said above the "prevailing party" test is not applicable in this settlement context.

We hold that the Plaintiff was partly successful *through the settlement* because he had made colorable civil rights claims to which Defendant Donges was required by law to respond. However, it is important to note that this is *not* the ordinary pretrial settlement situation where we measure the pretrial preparation needed to advance the case to settlement. *See Webb. v. Board of Education of Dyer County,* 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985); *Cooper v. Utah,* 894 F.2d 1169 (10th Cir.1990). The pretrial time and trial time did not make the Plaintiff a "prevailing party" under the statute, and in this fee consideration *for the settlement,* this time did not advance the case to settlement. Although Plaintiff's limited success on appeal was procedural it was significant because it would have to be resolved on the merits. This resolution may have been difficult because the possible witness for Plaintiff, officer Brown, had come under criminal charges. The Defendant was faced with protracted litigation with mounting fees. In any event, the Defendant made his Offer of Judgment.

The district court concluded that the voided trial was the exclusive reason that Defendant Donges settled, and therefore the award of attorneys' fees for the trial and trial preparation was appropriate. However, there is nothing in the record to support such a conclusion and the trial court advanced no tangible reason. The only evidence in the record is the affidavit of Defendant's attorney, Mr. French, in which he states that the Offer of Judgment was made without consideration of the trial. The reason given by the court as to why Defendant settled is clearly erroneous under Rule 52(a) of the Federal Rules of Civil Procedure. *Sanchez v. Bond,* 875 F.2d 1488 (10th Cir.1989).

The Plaintiff, by reason of his limited success on appeal with its obvious impact on the settlement, is entitled to attorneys' fees. These fees are to be for *one-half* of the time spent by attorneys McCrossen and Davis *only* on the appeals and only from the date the appeal was filed by Defendant on the merits until the day the Offer of Judgment was accepted, the hourly rate to be that hereinafter provided.

It should be noted that the *total* jury verdict for damages was $86,804 for the Plaintiff and he settled for about one-half of that amount. The attorneys for Plaintiff in their agreement with the Defendants' Offer of Judgment concluded that $42,500 was in the best interest of their client. That apparently is what the case, in their view and at that time, was really worth. Plaintiff's first early pretrial settlement offer was $90,000 plus costs and fees, but its last offer was less. Defendant made an offer of $25,000 prior to trial. We cannot conclude that $384,881 worth of time was necessary to advance the case to settlement for $42,500 plus costs and fees when Plaintiff's last pretrial offer was not too far from the ultimate settlement.

## Special Circumstances and The Trial and Pretrial Preparation

Even if it could be assumed that Plaintiff was entitled to attorneys' fees as the prevailing party, we must hold that "special circumstances" exist which would prohibit the award of attorneys' fees related to the trial and trial preparation. Obviously in cases such as this a "prevailing" plaintiff is awarded attorneys' fees, but not if "special circumstances" would render such an award unjust. *J & J Anderson, Inc. v. Town of Erie,* 767 F.2d 1469 (10th Cir.1985). As discussed above, it was clear at the time that the filing of the Notice of Appeal on the issue of qualified immunity automatically divested the district court of jurisdiction. The presence of "special circumstances" usually results in the award of no fees at all. This is for the reason that such circumstances or events prevail

as to the entire proceedings. *See Dahlem v. Board of Education*, 901 F.2d 1508 (10th Cir.1990); *Wilson v. Stocker*, 819 F.2d 943 (10th Cir.1987); and *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469 (10th Cir. 1985). However, we see no reason why "special circumstances" should not be applied to clearly defined elements of an unusual proceeding such as the one before us. The underlying purpose for the *Forsyth* rule is that a defendant can challenge the trial court's determination and need not go to trial at all until he has that opportunity. Therefore, to proceed with a trial while such an appeal is pending unjustifiably causes a defendant to face a trial, incur attorneys' fees and to waste the trial court's and parties' time. As mentioned above, because the Plaintiff resisted Defendant's Motion to Stay the trial and failed to file a motion to certify the appeal as frivolous, he was responsible for the district court proceeding with the trial without jurisdiction. This case exemplifies the precise problem that the Supreme Court in *Forsyth* was trying to avoid. Consequently, to award attorneys' fees to the Plaintiff for a trial which was caused by the Plaintiff to be conducted without jurisdiction would be unjust to the Defendant for whom the *Forsyth* decision was designed to protect. This in our view constitutes special circumstances. *Cf. Palmer v. City of Chicago*, 806 F.2d 1316 (7th Cir.1986) (plaintiff may be prevailing for award of fees if case becomes moot, unless plaintiff caused the mootness).

In summary, the only time expended by the Plaintiff which could have advanced the case to a position to settle was that time between the time the appeal on the merits was filed and the acceptance of Defendant's Offer of Judgment excluding time expended on the trial or trial preparation. This time can only be reasonable for the two attorneys Davis and McCrossen (as the trial court mentioned is usual), not including Mr. Rosenstock nor any clerks, at the claimed hourly rate of $150 for Mr. Davis and $110 for Ms. McCrossen for one-half the time as certified to the trial court for

that period only. Costs were included in the settlement.

IT IS SO ORDERED.

LOGAN, Circuit Judge, concurring in part and dissenting in part:

I am in accord with the majority's conclusions in all except two portions of the opinion. The majority opinion states that there is nothing in the record to support a conclusion that the voided trial was the reason defendant Donges settled, and that the district court advanced no tangible reason to support its conclusion otherwise. I believe the void trial, at which this district judge presided and the attorneys participated, and the verdict rendered by the jury in favor of plaintiff may be recognized by the court as circumstantial evidence bearing upon both parties' willingness to settle. Plaintiff agreed to accept less than the total original award in the void trial but more than the amount awarded as compensatory damages alone, and defendant Donges was willing to pay some amount to settle. I do not believe there must be testimony or an affidavit by plaintiff or his attorney that but for the trial plaintiff would not have settled.

Nevertheless, I agree with the majority that this is a special circumstances case within the contemplation of 42 U.S.C. § 1988, *see J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1474 (10th Cir.1985), which justifies denying recovery of any attorney's fees plaintiff incurred from the date of Donges' notice of appeal on the basis of qualified immunity until the date of this court's opinion affirming that denial. For the reasons stated in the majority opinion, I agree that the trial should not have been conducted. Plaintiff should not have opposed defendant Donges' motion to stay the trial; that much was clear under previously decided Supreme Court and Tenth Circuit authority. *See Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *DeVargas v. Mason & Hanger–Silas Mason Co.*, 844 F.2d 714, 720 (10th Cir.1988). Thus, despite the fact that the effort expended in the void trial may have contributed to the settlement, I

agree with the majority that no recovery should be given for this attorney time.

My other point of disagreement with the majority is that I would allow plaintiff those attorney's fees reasonably incurred to investigate, prepare the complaint, handle pretrial motions, and prepare for trial until the date Donges filed his notice of appeal claiming qualified immunity. I would limit the fee award to those costs incurred in preparing the suit against Donges only; if the preparation of the claim against the chief of police or the city was separable it should be excluded because plaintiff lost against those defendants. Like the majority I would give half of the fees reasonably incurred by two lawyers in handling the prior appeals to the Tenth Circuit; plaintiff won the appeal on the qualified immunity issue but lost the appeal, consolidated with it, that held the trial to be void. I would allow plaintiff's attorney's fees reasonably incurred after the remand until the settlement, even if they included preparation for a new trial.