ORDER AND JUDGMENT*
STEPHEN H. ANDERSON, Circuit Judge.
In these consolidated appeals, plaintiffs/appellants Stephen C. Roth and Jean E. Gumeson attempt to appeal orders of the district court, granting various dispositive motions in favor of defendants, dismissing the action, granting Rule 11 sanctions and attorneys fees and costs under 28 U.S.C. § 1927 to defendants, and denying plaintiffs’ motion for Rule 11 sanctions. For reasons explained more fully below, we conclude we lack jurisdiction over one of the appeals relating to sanctions. We accordingly dismiss that appeal. We affirm the district court’s order denying plaintiffs motion for sanctions and the district court’s order dismissing this action on its merits.
Plaintiffs filed this 42 U.S.C. § 1983 action against numerous defendants[1] following their arrest and convictions in connection with a “ruse” drug checkpoint in southwestern Colorado. After the court denied his motion to suppress the evidence on the ground that the alleged checkpoint was unconstitutional, Roth was convicted of possession of drug paraphernalia and Gumeson pled nolo contendere to a charge of littering. The Colorado Court of Appeals affirmed Roth’s conviction, holding that the “ruse” checkpoint was constitutional. People v. Roth, 85 P.3d 571 (Colo. App.2003). Both the Colorado and United States Supreme Courts have denied Roth’s petitions for certiorari. Roth v. People, No. 03SC641, 2004 WL 423074 (Colo. March 8, 2004), cert, denied, ■ — • U.S.-, 125 S.Ct. 325, 160 L.Ed.2d 235 (2004). Gumeson did not appeal her conviction.
Meanwhile, on June 12, 2002, plaintiffs filed this § 1983 action seeking damages and declaratory relief against numerous individuals and public entities, asserting that the stop and seizure of the contraband pursuant to the “ruse” checkpoint violated the Fourth Amendment and further asserting that defendants conspired to violate the Fourth Amendment. Defendants filed motions to dismiss and/or for summary judgment, arguing: (1) the court lacked jurisdiction over Roth’s claims because of the Rooker-Feldman doctrine; (2) the Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), doctrine barred recovery of damages where plaintiffs’ convictions had not been reversed or otherwise declared invalid; (3) plaintiffs failed to state claims un *874 der Fed.R.Civ.P. 12(b)(6); (4) the undisputed facts establish that the “ruse” checkpoint was constitutional; and (5) there were no facts showing personal involvement by the defendants. The district court granted defendants’ motions, finding that the Rooker-Feldman doctrine prevented its consideration of Roth’s claims; that Roth’s claims were collaterally estopped; that the Heck doctrine barred both plaintiffs from recovering damages; that plaintiffs failed to state a claim under Fed.R.Civ.P. 12 for civil conspiracy; and that the undisputed facts establish that the “ruse” checkpoint was constitutional, particularly in light of recent Tenth Circuit authority, United States v. Flynn, 309 F.3d 736 (10th Cir. 2002), which upheld the constitutionality of a virtually identical “ruse” checkpoint. The district court subsequently denied plaintiffs’ request for leave to proceed on appeal pursuant to 28 U.S.C. § 1915 and Fed. R.App. P. 24, concluding that “plaintiffs have not shown the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal” and that the appeal was not taken in good faith. Order, R. Vol. 3, doc. 148.
Appeal No. 04-1006 is plaintiffs’ appeal on the merits of the district court’s dismissal of their action. Although as we explain, infra, we lack jurisdiction over one of the two appeals relating to the Rule 11 sanctions, No. 04-1272, we have jurisdiction over appeal No. 04-1066, which fully resolved the merits of the action. See Turnbull v. Wilcken, 893 F.2d 256, 257 (10th Cir.1990) (noting that the “order ... which fully resolved all substantive issues on the merits ... was a final judgment as to the merits within the meaning of 28 U.S.C. § 1291 even though certain issues regarding the award of sanctions remained unadjudicated”) (citing Budinich v. Becton Dickinson & Co., 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)). We affirm the dismissal of plaintiffs’ action, for substantially the reasons set forth in the district court’s order.
As indicated, appeal Nos. 04-1256 and 04-1272 relate to the district court’s award of Rule 11 sanctions and attorneys fees and costs under 28 U.S.C. § 1927 for defendants and against plaintiffs’ counsel, and the concomitant denial of plaintiffs’ request for sanctions. Appeal No. 04-1256, involving the denial of plaintiffs’ motion for sanctions is a final order which we affirm.
With respect to appeal No. 04-1272, involving the grant of defendants’ motion for sanctions, to be paid by plaintiffs’ counsel, both parties concede that the district court has not yet entered an order determining the amount of sanctions to be awarded one group of defendants, called the “Mountain Village defendants.” “[B]eeause an appeal from the award of sanctions may not be taken until the amount has been determined,” Turnbull, 893 F.2d at 258, and because we avoid piecemeal appeals, we conclude that we lack jurisdiction over that appeal. We therefore dismiss it.
For the foregoing reasons, we AFFIRM the district court’s dismissal of this action (appeal No. 04-1006) and the district court’s denial of plaintiffs’ request for sanctions (appeal No. 04-1256). We DISMISS the appeal of the order granting defendants’ request for sanctions (appeal No. 04-1272).

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

. Defendants are Colorado Governor Bill Owens, Raymond Slaughter, the Town of Mountain Village, Ken Brackett, Dale Wood, Matt Buffington, Tom Rowell, Tom Halper, Mike Meuer, Sheriff Sydney ''Duke” Schirard, Sheriff Jerry Martin, the Boards of County Commissioners for the Counties of Dolores and La Plata, the City of Durango, Al Bell, Jeff Copeland, Michael Green, Joey Chavez, Sam Hager, Brooks Bennett, Hugh Richards, the Board of County Commissioners for Montezuma County, the City of Cortez, Dennis Spruell, Danny Dufur, Roy Lane, and unknown Doe defendants 1-50.