F I L E D

PUBLISH

**October 14, 2005**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

WILLIAM T. BROWDER,

      Plaintiff-Appellant/Cross-
Appellee,

v.

THE CITY OF MOAB; GRAND
COUNTY; and THE GRAND
COUNTY SOLID WASTE
MANAGEMENT SERVICE
DISTRICT #1,

      Defendants-Appellees/Cross-
Appellants.

Nos. 04-4198 & 04-4206

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:99-CV-807-J)**

---

Michael A. Zody of Parsons Behle & Latimer, Salt Lake City, Utah, for Plaintiff-
Appellant/Cross-Appellee.

Benson L. Hathaway, Jr. (Stephen W. Geary with him on the briefs) of Kirton &
McConkie, Salt Lake City, Utah, for Defendants-Appellees/Cross-Appellants.

---

Before **McCONNELL**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

**McKAY**, Circuit Judge.

Plaintiff is a Colorado property owner whose land abuts City of Moab property containing a former Class I landfill ("Moab landfill"). Because of multiple environmental concerns regarding ownership and management of the landfill, Plaintiff brought suit pursuant to the Clean Water Act ("CWA"), the Resource Conservation Recovery Act ("RCRA"), as well as several state-law causes of action. Plaintiff sought an injunction demanding compliance with the relevant statutes in addition to money damages related to the state-law causes of action. In all, he sought relief on seven claims.

Protracted litigation ensued. After most of the state-law claims were dismissed by the district court,[1] only three of the seven remained to be resolved during the bench trial–two RCRA claims and one CWA claim. Although Plaintiff did not prevail on most of his claims, the district court did enter an order granting relief on one of his RCRA causes of action. The court ruled for Defendants as to the other RCRA claim and the CWA claim.

The injunction obtained by Plaintiff ordered six specific items of injunctive relief:

1.      The Defendants . . . shall erect a fence surrounding the entire

---

[1]Dismissal of Plaintiff's negligence claim was facilitated by Plaintiff's stipulation to dismiss the claim.

Moab landfill.

2. Defendants must monitor combustible gases at the Moab landfill on a quarterly basis.
3. Defendants must keep all monitoring equipment operational.
4. Defendants must continue to monitor the Moab landfill cover on a regular basis to prevent extensive pooling or puddling and to diminish the risk of extensive erosion following storms.
5. Defendants must maintain and file the reports required by the Class IV permit.
6. To the extent the Service District outsources any work at the Moab landfill, the Service District must monitor this work and ensure that all required reports are appropriately filed.

Aplt. App., Vol. I, at 170-71.

The district court also ordered each party to bear their own costs and attorney's fees. Plaintiff moved to amend the judgment arguing that he was a prevailing party and therefore entitled to costs and attorney's fees. The district court denied the motion. Both sides now appeal the district court's order denying both parties' attorney's fees.[2]

We have jurisdiction over the district court's denial of attorney's fees pursuant to 28 U.S.C. § 1291. Awards of attorney's fees are generally reviewed for an abuse of discretion. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986). In reaching that decision, we review *de novo* whether the

---

[2]Although Defendants did not directly raise this argument to the district court, raising it for the first time on appeal is not improper. The district court's *sua sponte* ruling on attorney's fees negated Defendants' responsibility of raising this issue first to the district court. Prior to the entry of judgment, Defendants lacked the ability to raise the issue. *See* DUCivR 54-2(f) (mandating that motions for attorney's fees be filed no later than 30 days after the entry of judgment).

-3-

district court applied the correct legal standard, and we review its findings of fact for clear error. *See Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998).

At issue in this appeal is the attorney's fees provision for RCRA, which is codified at 42 U.S.C. § 6972(e).[3]  Before addressing whether either party is entitled to an award of attorney's fees, we must determine the proper construction of the statute.  The relevant portion of that section reads:  "The court, in issuing any final order in any action brought pursuant to this section . . . may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate."  42 U.S.C. § 6972(e).  There is relatively little case law interpreting this section of RCRA.  However, it is clear from the permissive language used by Congress in enacting this statute (e.g. "may") that an award of attorney's fees to the prevailing party is discretionary.

In light of the dearth of case law construing this statute, Plaintiff urges the court to follow precedent which interprets the attorney's fee provision of 42 U.S.C. § 1988(b).  We find this path persuasive.  Section 1988 also uses

---

[3]Defendants seek attorney's fees pursuant to 33 U.S.C. § 1365(d), the attorney's fees provision of CWA, as well as § 6972(e).  The operative sections of each statute are indistinguishable.  Our discussion of § 6972(e) applies with equal force to § 1365(d), and the sections will therefore not be discussed separately.

permissive language in empowering courts to grant an award of attorney's fees: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee . . . ." 42 U.S.C. § 1988(b) (2000). To some extent, the plain language of § 1988(b) appears to grant courts broader discretion than that authorized by § 6972(e). However, for our purposes, we view the two sections as sufficiently analogous to use case law in interpreting either statute interchangeably.[4]

Our view finds support in Supreme Court precedent. In *City of Burlington v. Dague*, 505 U.S. 557, 561-62 (1992), the Supreme Court stated:

> Section 7002(e) of the SWDA and § 505(d) of the CWA authorize a court to "award costs of litigation (*including reasonable attorney . . . fees* )" to a "prevailing or substantially prevailing party." 42 U.S.C. § 6972(e) (emphasis added); 33 U.S.C. § 1365(d) (emphasis added). This language is similar to that of many other federal fee-shifting statutes, *see*, *e.g.*, 42 U.S.C. §§ 1988, 2000e-5(k), 7604(d); our case law construing what is a "reasonable" fee applies uniformly to all of them. *Flight Attendants v. Zipes*, 491 U.S. 754, 758, n.2, 109 S. Ct. 2732, 2735, n.2, 105 L. Ed. 2d 639 (1989).

Although the Supreme Court was specifically concerned with the "reasonable fee" language of § 6972(e), its logic is equally applicable to the prevailing party

---

[4]Certain sections of each statute are clearly not similar, rendering interchangeability of case law impractical. For example, § 6972(e) authorizes an award of fees to a "substantially prevailing party." There is no such language in § 1988(b).

language found in the same section.[5]  In light of the Supreme Court's general recognition of the interchangeability of the case law interpreting similar attorney's fees statutes, e.g. § 6972(e), § 1988(b), § 2000e-5(k), and § 7604(d), we now look to Supreme Court and Tenth Circuit case law in deciding whether the district court was correct in declining the parties' requests for fees.

Applying this case law adds color to § 6972(e)'s admittedly ambiguous notation about the standards for determining one's prevailing party status and also determines whether the standards differ between plaintiffs and defendants.  In *Hensley v. Eckerhart*, the Supreme Court ruled that "a prevailing plaintiff 'should *ordinarily* recover an attorney's fee unless special circumstances would render such an award unjust.'"  461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, p. 4 (1976)) (emphasis added).  Whereas, the Supreme Court noted in *Christiansburg Garment Co. v. EEOC* that prevailing defendants are only to be awarded attorney's fees when the plaintiff's claim is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  434 U.S. 412, 422 (1978).  Once prevailing party status is determined, the court then determines the reasonableness-of-the-fee request.  *See* 42 U.S.C. § 6972(e);

[5]In making this ruling, we are in accord with the Second Circuit.  *See Dague v. City of Burlington*, 935 F.2d 1343, 1357 (2d Cir. 1986) (explaining that "the principles governing fee awards under [§ 1988] are applicable to the attorney's fee provisions" of § 6792(e)), *rev'd on other grounds sub nom. City of Burlington v. Dague*, 505 U.S. 557, 561-62 (1992).

*see also Hensley*, 461 U.S. at 433.

The district court gave no reasoning when it ordered the parties to "bear [their] own costs of action and attorney fees."[6] Aplt. App., Vol. I, at 171 (Dist. Ct. March 26, 2003 Order and Judgment). Generally, district courts must give an adequate explanation for their decision regarding requests for attorney's fees, otherwise we have no record on which to base our decision. *See Bartlett v. Martin Marietta Operations Support, Inc. Life Ins. Plan*, 38 F.3d 514, 519-20 (10th Cir. 1994) (reversing and remanding attorney fee issue because the district court "did not explain its ruling on the petition for attorneys' fees adequately"). On this ground alone we remand the case to give the district court the opportunity to address this issue. However, because the determination of prevailing party[7] status is generally a question of law, we will address that issue in particular. *See Jenkins by Jenkins v. State of Mo.*, 127 F.3d 709, 713-14 (8th Cir. 1997) (explaining that "the question of prevailing party status, a statutory term, presents a legal issue"). In addition, we take this opportunity to announce some general

---

[6]Plaintiff gave the district court a second opportunity to explain its reasons for denying Plaintiff an award of attorney's fees when it filed a motion to amend the order and judgment. The district court denied the judgment and again failed to articulate its reasons for so doing.

[7]Although § 6972(e) uses the disjunctive "or" in explaining that prevailing parties as well as substantially prevailing parties are entitled to attorney's fees, our attention has been directed by the parties to the "prevailing party" language. Therefore, we leave for another day construction of the "significant prevailing party" language found in § 6972(e).

principles of law regarding an award of attorney's fees in an effort to give the district court guidance as to the issues it must address on remand.

Noting the presumption in favor of awarding prevailing plaintiffs attorney's fees, we turn to the question of whether Plaintiff prevailed in this case for purposes of obtaining an award of attorney's fees even though he clearly lost on several of his claims. In determining whether one is a prevailing plaintiff, we do not look to the case as a whole and weigh the prevailing claims against the defeated claims. Instead, each claim is to be viewed separately as practiced by the Ninth Circuit in *Thomas v. City of Tacoma*, 410 F.3d 644 (9th Cir. 2005). In *Thomas*, the Ninth Circuit recognized the plaintiff as a prevailing party as to the one claim he won at trial, despite the fact that the defendants were victorious on the numerous other claims, including a counterclaim. 410 F.3d at 647, 649 ("The fact that Plaintiff failed to recover on *all* theories of liability is not a bar to recovery of attorney's fees.") (emphasis in original).

The logic of *Thomas* is supported by the Supreme Court's decision in *Farrar v. Hobby*, where the Court held that a plaintiff "prevails" "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." 506 U.S. 103, 109 (1992). The ultimate degree of success or magnitude of relief obtained is irrelevant to the question of eligibility for a fee

award.  *Id.* at 114.  Nonetheless, the parties focus much of their attention on the quantum of relief actually obtained by Plaintiff.  In so doing, the parties miss the point of *Farrar*.  In addition, the Supreme Court noted in *Hensley* that it is not "necessarily significant that a prevailing plaintiff did not receive all the relief requested."  461 U.S. at 435 n.11.  In this case, Plaintiff won on one of his RCRA claims when he obtained an injunction against Defendants requiring them to comply with certain portions of federal law as articulated above.  Certainly, this change in the legal relationship between the parties is sufficient to qualify Plaintiff for prevailing party status.[8]

However, Plaintiff also clearly lost on his other claims.  This presents a somewhat difficult task for the district court in deciding what to consider in awarding a reasonable fee.[9]  The district court's analysis of the appropriate

_____

[8]As is the general rule, special circumstances may nonetheless exist that would make the award of attorney's fees in this case unjust.  *See Hensley*, 461 U.S. at 429; *see also Stewart v. Donges*, 979 F.2d 179, 184 (10th Cir. 1992) ("The presence of 'special circumstances' usually results in the award of no fees at all.").  We have recognized numerous cases that meet this special circumstances test, although we have never articulated an overarching approach for reviewing them.  *See, e.g.*, *Donges*, 979 F.2d at 184 (limiting the extent of attorney's fee award to prevailing plaintiff because "he was responsible for the district court proceeding with the trial without jurisdiction"); *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1200 (10th Cir. 1998) (explaining that "plaintiffs can give up their statutory entitlement to fees as part of the settlement arrangement").  On remand, the district court may consider whether this case is in line with those cited above which presented special circumstances.

[9]We generally refer to this general calculation as the lodestar, which is the
(continued...)

attorney's fee to be awarded Plaintiff on remand should be guided by the Supreme

Court's paradigmatic case in *Hensley*:

> Where the plaintiff has failed to prevail on a claim that is distinct in
> all respect from his successful claims, the hours spent on the
> unsuccessful claim should be excluded in considering the amount of
> a reasonable fee. Where a lawsuit consists of related claims, a
> plaintiff who has won substantial relief should not have his
> attorney's fee reduced simply because the district court did not adopt
> each contention raised. But where the plaintiff achieved only limited
> success, the district court should award only that amount that is
> reasonable *in relation to the results obtained*.

461 U.S. at 440 (emphasis added).

In a case like this, where Plaintiff "achieved only partial or limited

success," the calculation for reasonable attorney's fees requires more than just

determining "the product of hours reasonably expended on the litigation *as a*

*whole* times a reasonable hourly rate" because such "*may be* an excessive

amount." *Id.* at 436 (emphasis added). Two questions must be addressed by the

district court. "First, did the plaintiff fail to prevail on claims that were unrelated

to the claim[] on which he succeeded? Second, did the plaintiff achieve a level of

success that makes the hours reasonably expended a satisfactory basis for making

---

[9](...continued)
"product of the number of attorney hours 'reasonably expended' and a 'reasonable
hourly rate.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)
(citing *Hensley*, 461 U.S. at 433).

a fee award?"[10] *Id.* at 434.  Plaintiff can only obtain an award of attorney's fees for time spent prosecuting the successful claim as well as those related to it.

However, that does not end the matter.  The district court still retains discretion to adjust the award commensurate with the degree of success obtained. *Id.* at 436.  This last inquiry is not amenable to a formulaic table but is a matter of discretion.  *Id.*  In exercising this discretion, however, we note that "[t]he record ought to assure us that the district court did not 'eyeball' the fee request and cut it down by an arbitrary percentage . . . ." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1314 (7th Cir. 1996)).

In denying Defendants' fees, the district court again gave no rationale for its decision.  This is reason enough to remand this case in order to give the district court an opportunity to explain the basis for its decision.  *See Bartlett*, 38 F.3d at 519-20.  We note that Defendants clearly prevailed as to Plaintiff's second and third causes of action.  However, as contrasted to the "ordinarily" language governing the award of prevailing plaintiff's attorney's fees, Defendants may only be awarded attorney's fees if the district court finds that either of the claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate

---

[10]In answering the first inquiry, we note that claims are related if they "involve a common core of facts or will be based on related legal theories." *Hensley*, 461 U.S. at 435.

after it clearly became so." *Christiansburg*, 434 U.S. at 422. It is for the district court to make that finding.

**REVERSED and REMANDED**.

04-4198 & 04-4206, *Browder v. City of Moab, et al.*

**TYMKOVICH**, J., concurring.

I agree with the majority that the plaintiff is a "prevailing party" under the line of United States Supreme Court cases analyzing fee-shifting statutes for civil rights and environmental cases. *See, e.g., Farrar v. Hobby*, 506 U.S. 103 (1992); *City of Burlington v. Dague*, 505 U.S. 557 (1992); *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 600 (2001). The plaintiff therefore has crossed the threshold for *eligibility* to fees. But mere eligibility is not enough. The next step is *entitlement* to reasonable fees. I write separately to add a few thoughts on reasonableness. A related question to the amount of fees requested here is whether the defendants may be said to be a "substantially prevailing party" in any respect.

As a preliminary matter, the Supreme Court has been less than clear in identifying the origins of the standards employed in assessing attorney's fees. At first blush, the environmental and civil rights laws have different policy objectives such that Congress may have had a different view of how and when attorney's fees should be assessed in such cases. But the Supreme Court has, thus far, instructed the federal courts to treat the fee-shifting statutes identically. *Dague*, 505 U.S. at 561-62; *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559-60 (1986). We thus must look at prevailing party status in that light, and move to what "award is appropriate" under 42

U.S.C. § 6972(e).

The Supreme Court has instructed that the "most critical factor" in assessing reasonableness is the "degree of success obtained." *Farrar,* 506 U.S. at 114 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). The majority correctly shows that success requires some material alteration in the relationship between the plaintiff and the defendant. Here, such a material alteration in relationship is achieved through an enforceable judicial decree arising from the complaint.

Mere "success," however, is not enough. The Supreme Court has instructed that in "some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." *Farrar,* 506 U.S. at 115. As Justice O'Connor explained in her concurrence, although a technical victory might allow a plaintiff some claim to fees, a court may "announce a sensible decision to award low fees or no fees at all." *Id.* at 118 (O'Connor, J., concurring). That explanation naturally follows from the Court's observation in *Hensley* that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley,* 461 U.S. at 440. *See also* M. Schwartz & J. Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees § 6.6 (1997).

Consequently, a district court retains considerable discretion to determine

-2-

the amount of success a plaintiff achieved and craft an award of attorney's fees commensurate with that success. Accordingly, in my view, the district court must look to the degree of success in light of the judicially sanctioned alteration in the relationship between the parties. Here, that may mean some or no attorney's fees at all. Our cases, of course, require the court to explain its reasoning on the record for purposes of appellate review. *See, e.g., Michael A. Cramer v. United States*, 47 F.3d 379, 382 (10th Cir. 1995).

As a final matter, the statute's text seems to envision that a defendant may be entitled to prevailing party status in some circumstances. The Supreme Court in construing § 1988, however, has established a high bar based on frivolousness or meritlessness. *See, e.g., Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978). In enacting RCRA, however, Congress potentially added a class of eligible parties by inserting the phrase "substantially prevailing party." It is far from clear what Congress had in mind with respect to this phrase, and the parties to this appeal have yet to suggest an interpretation of this language that alters the application of Supreme Court case law.

In any event, here it appears that the plaintiff achieved an "alteration of legal status" between the parties so as to be eligible for fees under Supreme Court precedent. Thus, while the defendants "prevailed" on several Clean Water Act claims by virtue of achieving a defense verdict, the applicable precedent appears

to foreclose an award unless the claims asserted were, as the majority observes, either unrelated to the RCRA claim, or "frivolous, unreasonable or groundless." Although the statute's text suggests a broader reading of "prevailing party," the Supreme Court has not been presented with a case that would expand eligibility for fees under a different standard.