**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEGACY TRADING CO., LTD.;
MARK USELTON,

> Plaintiffs-Appellants/
> Cross-Appellees,

v.

ROBERT HOFFMAN,

> Defendant-Appellee/
> Cross-Appellant.

Nos. 09-6007 & 09-6018
(D.C. No. 5:07-CV-01383-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Legacy Trading Co., Ltd. (Legacy Trading) and Mark Uselton appeal the

district court's order denying their motion to vacate an arbitration award and

granting Robert Hoffman's motion to have it confirmed. Mr. Hoffman cross

appeals the denial of his request for attorney fees. Our jurisdiction arises under

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

9 U.S.C. § 16(a) and 28 U.S.C. § 1291. We affirm the order confirming the award and reverse and remand the decision denying fees.

The parties are familiar with the facts and we discuss them briefly. In 2006, Mr. Hoffman, a securities salesman, filed an arbitration claim for unpaid commissions against Legacy Trading, Mr. Uselton, and Stephen Boruchin with the National Association of Securities Dealers (NASD).[1] Following a two-day evidentiary hearing, an arbitration panel issued an award in favor of Mr. Hoffman and against Legacy Trading and Messrs. Uselton and Boruchin, holding them jointly and severally liable for $114,054.48. Mr. Uselton and Legacy Trading filed a motion in Oklahoma state court to vacate the award. Mr. Hoffman caused the action to be removed to federal district court and moved for confirmation of the award under 9 U.S.C. § 9, and attorney fees. The court confirmed the award, denied the request for fees without comment, and entered judgment accordingly. This appeal followed.

As an overarching argument, Legacy Trading and Mr. Uselton contend that the award must be set aside because they never agreed to arbitrate. We reject this frivolous argument. Legacy Trading concedes that as a member of NASD, it was subject to arbitration. In addition, it signed an agreement in this case agreeing to arbitration. It seeks to avoid this obligation, however, by asserting that the responsible party, if any, is Legacy Trading Holding, Inc., which is not a member

---

[1]     NASD is now known as the Financial Industry Regulatory Authority.

of NASD and thus not required to arbitrate. The relevant issue is whether Legacy

Trading agreed to arbitrate – which it clearly did. As to Mr. Uselton, he also

signed an agreement to arbitrate the claim. His argument that the panel erred in

finding against him goes to the merits of Mr. Hoffman's claim – not whether he

was required to arbitrate.

Equally frivolous are the arguments that NASD's arbitration requirement

violates their due process rights or triggers a different standard of review because

they were forced to arbitrate. Simply put, these issues are between Legacy

Trading and NASD. Likewise, there is no merit to the argument that they were

denied access to "an adequate forum in which to resolve their claims," Aplt.

Opening Br. at 23 (quotation marks and emphasis omitted). They reason that

"[h]ad this been a voluntary and negotiated arbitration, [they] could have insisted

on a provision that required the arbitrators to give a written rationale for the

award." *Id*. Once again, this alleged wrong is an issue between them and NASD.

We now turn to the merits. The often-repeated theme on appeal is the

contention that Legacy Trading did not have any agreement with Mr. Hoffman

and that Mr. Uselton could not be personally liable for the judgment because there

were no grounds to pierce the corporate veil. They represent that "the issues

presented in this specific case appear to be questions of first impression, at least

in this circuit," *id*. at 1, and ask us to "defin[e] more clearly answers to questions

that are presently unsettled," *id*.  To the contrary, the issues are neither new nor unsettled.

"In reviewing a district court's confirmation of an arbitration award, we review factual findings for clear error and legal determinations de novo." *DMA Int'l, Inc. v. Qwest Commc'ns Int'l, Inc.*, 585 F.3d 1341, 1344 (10th Cir. 2009).  Nevertheless, we are required "to give extreme deference to the determination of the arbitrator." *Id*. (quotation and brackets omitted).  "An arbitration award will only be vacated for the reasons enumerated in the [Federal Arbitration Act], 9 U.S.C. § 10, or for a handful of judicially created reasons." *Id*. (quotation omitted).[2]

The first ground for vacatur is an alleged "evident partiality . . . in the arbitrators," 9 U.S.C. § 10(a)(2).  According to Legacy Trading and Mr. Uselton, "taken in combination, [the] rulings by the arbitrators against the clear weight of the evidence, when combined with the absence of any rationale thereby precluding any meaningful appellate review, show evident partiality under 9 U.S.C. § 10."  Aplt. Opening Br. at 29.  This does not meet the definition of

---

[2]     In *Hall Street Associates LLC v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 1403 (2008), the Supreme Court held that grounds set forth in 9 U.S.C. § 10 are the exclusive means to vacate an arbitration award.  As such, Mr. Hoffman argues that previous judicially-created exceptions no longer serve as grounds for vacating an arbitration award.  But we need not decide what, if any, judicially-created grounds for vacatur survive in the wake of *Hall Street Associates*, because neither Legacy Trading nor Mr. Uselton has established the right to vacatur under any judicially-created exceptions.

evident partiality, which means "evidence of bias or interest of an arbitrator [that is] direct, definite and capable of demonstration rather than remote, uncertain, or speculative." *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982).

The next argument concerns the panel's alleged manifest disregard of the law, which is a judicially-created ground for vacatur. "Manifest disregard of the law has been defined as willful inattentiveness to the governing law." *Hollern v. Wachovia Secs., Inc.*, 458 F.3d 1169, 1176 (10th Cir. 2006) (quotation omitted). "Errors in an arbitration panel's interpretation or application of the law are generally not reversible." *Id.* "Put another way, we require more than error or misunderstanding of the law. A finding of manifest disregard means the record will show the arbitrators knew the law and explicitly disregarded it." *Dominion Video Satellite, Inc. v. Echostar Satellite LLC*, 430 F.3d 1269, 1275 (10th Cir. 2005) (quotation and brackets omitted).

Legacy Trading and Mr. Uselton "contend that the combination of rulings by the arbitrators, clearly contrary to the weight of the record evidence and basic principles of contract and corporate law, . . . reveal a knowing and willful disregard of the law." Aplt. Opening Br. at 31. But both here and in the district court, they included only selected portions of the testimony at the hearing. As the party seeking to have the award vacated they should have included the entire transcript. *See Youngs v. Am. Nutrition, Inc.*, 537 F.3d 1135, 1143 (10th Cir. 2008) (holding that it is "the burden of the [party seeking to vacate an arbitration

-5-

award] to provide the . . . court with the evidence to support their arguments for vacating the arbitrator's award."). The lack of a complete record means that they cannot meet their burden of proving that the arbitrators knew the law and explicitly disregarded it.

The argument that they were denied a fundamentally fair hearing, which is another judicially-created ground for vacatur, *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001), also lacks merit. "[A] fundamentally fair [arbitration] hearing requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decision-makers are not infected with bias." *Bowles Fin. Group v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1013 (10th Cir. 1994). Disagreement with the outcome does not mean that the hearing was fundamentally unfair.

For their final argument, Legacy Trading and Mr. Uselton repackage their contention that Legacy Trading did not have any agreement with Mr. Hoffman and that Mr. Uselton could not be personally liable for the judgment as an alleged violation of Oklahoma public policy. We acknowledge that the judicially-created public-policy exception may permit a court to vacate an arbitration award. *Seymour v. Blue Cross/Blue Shield*, 988 F.2d 1020, 1023 (10th Cir. 1993). "[I]n determining whether an arbitration award violates public policy, a court must assess whether the specific terms contained in the contract violate public policy by creating an explicit conflict with other laws and legal precedents, keeping in

mind the admonition that an arbitration award is not to be lightly overturned." *Id.* at 1024 (citations, quotations and brackets omitted). Setting aside the fact that Legacy Trading and Mr. Uselton deny the existence of a contract, they fail to cite any Oklahoma public policy that conflicts with the panel's award.

For his cross appeal, Mr. Hoffman claims that the district court abused its discretion in denying his request for attorney fees under Okla. Stat. Ann. tit. 12, § 1876 (1993) and 28 U.S.C. § 1927. Because the court did not explain its decision to deny fees, we reverse and remand this issue for the court to explain its decision. *See Browder v. City of Moab*, 427 F.3d 717, 721 (10th Cir. 2005) ("Generally, district courts must give an adequate explanation for their decision regarding requests for attorney's fees, otherwise we have no record on which to base our decision.").

The judgment confirming the arbitration award is AFFIRMED. The order denying Mr. Hoffman's request for attorney fees is REVERSED and REMANDED for further proceedings consistent with this order and judgment. We DENY Mr. Hoffman's request for attorney fees on appeal for failure to file a separate motion. See Fed. R. App. P. 38 advisory committee's note.

Entered for the Court


Michael R. Murphy
Circuit Judge