**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

STEPHEN C. ROTH; JEAN
GUMESON,

     Plaintiffs,

v.

JEFF COLEMAN; AL BELL, as
individuals and in their official
capacities; CITY OF DURANGO, a
public corporation,

     Defendants - Appellees,

MICHAEL F. GREEN; DENNIS
SPRUELL; MATT BUFFINGTON;
BROOKS BENNETT; HUGH
RICHARDS; DANNY DUFUR; TIM
ROWELL; TOM HALPER; MIKE
MEUER, a/k/a MIKE MEUEER; KEN
BRACKETT; SAM HAGER; ROY C.
LANE; JERRY MARTIN; JOEY M.
CHAVEZ; SYDNEY "DUKE"
SCHIRARD; DALE WOOD, as
individuals and in their official
capacities; CITY OF CORTEZ, a
public corporation; DOLORES
COUNTY BOARD OF COUNTY
COMMISSIONERS, a public
corporation; LA PLATA COUNTY
BOARD OF COUNTY
COMMISSIONERS, a public
corporation; MONTEZUMA
COUNTY BOARD OF COUNTY
COMMISSIONERS, a public
corporation; and JOHN DOES 1-50,

No. 10-1538
(D.C. No. 02-CV-01116-LTB-CBS)
(D. Colo.)

Defendants.

--------------------

ROBERT J. MULHERN,

    Attorney - Appellant.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **SILER**[**], and **MATHESON**, Circuit Judges.[***]

---

Attorney Robert J. Mulhern appeals from the remand judgment awarding

sanctions against him arising from a civil rights suit filed on behalf of his clients,

Plaintiffs Stephen Roth and Jean Gumeson. <u>Roth v. Green</u>, No.

02-cv-01116-LTB-CBS, 2010 WL 4364321 (D. Colo. Oct. 27, 2010). The

underlying suit alleged that various Defendants engaged in a ruse checkpoint

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Eugene E. Siler, Jr., Senior U.S. Circuit Judge, Sixth Circuit, sitting by designation.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

resulting in an unlawful stop, detention, search, and arrest. Various Defendants moved for sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 following dismissal and appeal of the suit, and the district court granted the motion. The only issues remaining for our consideration are whether the district court erred in awarding attorney's fees to the Durango Defendants (represented by Earl G. Rhodes) and in basing that award on the records provided. Because we conclude that the Durango Defendants did not waive their request for attorney's fees and costs and that the district court did not abuse its discretion in basing the award on the records subsequently provided, we affirm.


Background

This is the fourth appeal concerning these sanctions. In the first appeal, we held that we lacked jurisdiction to review the sanctions order because the district court had not yet determined the amount to be awarded to one set of Defendants. Roth v. Green, 123 Fed. App'x. 871, 874, 2005 WL 256580 (10th Cir. 2005) (Roth I). In the second appeal, we held that the district court did not abuse its discretion in finding violations of Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, but that the court did err by awarding sanctions in the absence of adherence to the procedures outlined in Fed. R. Civ. P. 11. We remanded for a determination of the proper amount of fees to be assessed pursuant to 28 U.S.C. § 1927. Roth v. Green, 466 F.3d 1179, 1193 (10th Cir. 2006) (Roth II). The district court then

- 3 -

awarded the Durango Defendants attorney's fees and costs in the amount of $8,152.99. Aplt. App. 66, 72, 74. On appeal, we reversed the award and remanded. Roth v. Spruell, 388 Fed. App'x. 830, 2010 WL 2881532 (10th Cir. 2010) (Roth III).

In our last order and judgment, we concluded that the district court was required to review the actual billing records supporting the fees and costs incurred by the Durango Defendants. Id. at *7. The Durango Defendants did not submit time records for the pertinent time period (2003), instead relying on an affidavit that stated the amount of fees incurred. Id.; Roth, 2010 WL 4364321, at *2.

Although "the district court did not abuse its discretion in determining that Mr. Mulhern should be responsible for attorney's fees and costs incurred after February 3, 2003," Roth III, 2010 WL 2881532, at *5, we ordered the following remand:

> As for the Durango Defendants, the district court will first need to reconsider and expressly rule on Mr. Mulhern's argument made in his objections to the magistrate judge's report and recommendation that the Durango Defendants waived their right to attorneys' fees and costs by failing to submit detailed time sheets in support of their motion for sanctions. See Aplt. Supp. App., Vol. II at 849. If that issue is resolved in favor of the Durango Defendants, then they will need to submit detailed time sheets in order for the district court to recalculate the amount of fees and costs incurred from February 4, 2003, through December 5, 2003, with costs being limited to the items listed in § 1920.

Id. at *8.

On remand, the district court considered and rejected Mr. Mulhern's

- 4 -

waiver argument and then proceeded to assess fees. Roth, 2010 WL 4364321, at *4-5. On appeal, Mr. Mulhern reasserts that the Durango Defendants waived their right to attorney's fees and costs based on their failure to provide detailed records in the first instance, and the district court abused its discretion in basing an award on non-contemporaneous records. The district court based its calculations on time records provided by Mr. Rhodes on September 3, 2010, and accompanying affidavits. See Aplt. App. 89-91, 94-115. In addition to an affidavit accompanying the time records, Mr. Rhodes submitted an affidavit on October 4, 2010, stating that "time entries attached to the defense attorney affidavit of September 3, 2010 were made contemporaneously at the time indicated on the time entries." Aplee. Supp. App. 422-23. The district court found no evidence to support Mr. Mulhern's suggestion that the billing records were inaccurate or untrustworthy and awarded fees and costs based on these records, discounting a portion of the total amount by 10% to account for insufficiently informative entries. Roth, 2010 WL 4364321, at *5-6.


## Discussion

We review the district court's award for an abuse of discretion, reversing factual findings only if clearly erroneous. Browder v. City of Moab, 427 F.3d 717, 719 (10th Cir. 2005). We have no quarrel with Mr. Mulhern's argument that a party seeking attorney's fees and costs has the burden of proof as to entitlement

and amount, and that as a general matter a party who does not satisfy the latter runs the risk of the denial of attorney's fees and costs. See Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1208 (10th Cir. 1986); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). But it is quite another matter to hold that a district court, having been reversed for relying solely upon a summary figure, lacks discretion to consider later time records that comply with the requirements of Ramos v. Lamm, 713 F.2d 546, 553 (10th Cir. 1983), overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 717 n.4, 725 (1987). No evidence suggests that the Durango Defendants intentionally relinquished a right to attorney's fees and costs, and we agree with the district court that our remand gave it the authority to reject this argument and recalculate. We decline to circumscribe a district court's discretion by holding that it may never allow a party to remedy a deficient submission.

We next consider whether the district court erred in recalculating the amount of fees and costs incurred from February 4, 2003, through December 5, 2003. Mr. Mulhern asserts that the district court's award was based on non-contemporaneous records; however, the October 4, 2010, affidavit provided by Mr. Rhodes states otherwise. In light of what was presented, the district court could credit the affidavit, find that the time records adequately showed the work performed subject to a 10% reduction for non-informative entries, the amount charged, and the allowable costs.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge