Karen WITT, Plaintiff–Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellant.

No. 95CA2199.

Colorado Court of Appeals, Div. I.

Jan. 23, 1997.

Rehearing Denied Feb. 27, 1997.

Certiorari Denied Sept, 8, 1997.

Phil Harding, Englewood, for Plaintiff–Appellee.

Creamer & Seaman, P.C., Thomas J. Seaman, Karl A. Chambers, Denver, for Defendant–Appellant.

Opinion by Judge HUME.

Defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals the summary judgment entered in favor of plaintiff, Karen Witt. We reverse and remand with directions.

State Farm provided an uninsured/underinsured motorist coverage (UIM) policy to plaintiff with a per person coverage limit of $100,000. Following a car accident that resulted in injuries to her, plaintiff settled with the negligent driver's insurance carrier for the full policy limits of $50,000. After reaching settlement, plaintiff requested arbitration to determine the extent of her damages and to collect under the UIM policy.

An arbitration panel found that plaintiff sustained $60,000 in damages. State Farm tendered to plaintiff $12,991.50, representing the difference between the negligent driver's liability coverage and her damages under the limits of her UIM policy plus prejudgment interest on the $10,000 difference from the date of the accident.

Plaintiff contends, however, that she was entitled to her attorney fees incurred in obtaining the underlying settlement, which she claimed totalled $17,586.26, and prejudgment interest on the entire $60,000. Plaintiff argues that she received the benefit of only $34,413.74 after her attorney fees were deducted from the $50,000 settlement and because she did not receive any interest on the

settlement from the negligent driver's insuror.

On plaintiff's motion for summary judgment, the trial court agreed with plaintiff and ordered State Farm to pay plaintiff's attorney fees and prejudgment interest on the $50,000 settlement.

## I.

State Farm contends that the trial court erred in requiring it to compensate plaintiff for her attorney fees associated with the liability settlement. We agree.

The reasoning set forth in *Thurman v. State Farm Mutual Automobile Insurance Co.*, — P.2d — (Colo.App. No. 95CA1630, January 23, 1997) is dispositive here. On nearly identical facts, we held that an insured may not collect from a UIM carrier attorney fees incurred in obtaining a bodily injury award from the underinsured tortfeasor.

## II.

State Farm also contends that the trial court erred in requiring it to pay prejudgment interest on the liability settlement. We agree.

[2] An award of prejudgment interest is a creature of, and is regulated by, statute. Prejudgment interest is a form of compensatory damages and represents a legislatively prescribed award for delay in a plaintiff's receipt of money to which he or she is legally entitled. *Allstate Insurance Co. v. Starke*, 797 P.2d 14 (Colo.1990).

Here, plaintiff negotiated a complete settlement with the tortfeasor. Accordingly, the prejudgment interest she now seeks is deemed subsumed in that settlement amount. *See Martinez v. Jesik*, 703 P.2d 638 (Colo. App.1985). Thus, we conclude that plaintiff, by accepting the settlement and the distribution of its proceeds, has waived any right to assert a claim for prejudgment interest on the $50,000 settlement. *See Gutierrez v. Bussey*, 837 P.2d 272 (Colo.App.1992) (party is not entitled to prejudgment interest on settlement amounts received before trial).

The judgment is reversed, and the cause is remanded with directions for entry of judgment in conformity with the views expressed in this opinion.

METZGER and ROY, JJ., concur.