1999 Utah Ct. App. 355

**DEJAVUE, INC., a Utah corporation; Kristine C. Schultz; and Allison Nord, Plaintiffs, Appellee, and Cross-appellant,**

v.

**U.S. ENERGY CORP., a Wyoming corporation, Defendant, Appellant, and Cross-appellee.**

No. 981772–CA.

Court of Appeals of Utah.

Dec. 2, 1999.

---

Merrill F. Nelson, Kirton & McConkie, Salt Lake City, and Kenneth A.B. Roberts, Jr., Denver, Colorado, for Appellant and Cross-appellee.

Walter F. Bugden, James E. Morton, Tara L. Isaacson, Morton, Collins & Bugden, and Jeffery S. Williams, Giauque, Crockett, Bendinger & Peterson, Salt Lake City, for Appellee and Cross-appellant.

Before WILKINS, P.J., BILLINGS, and ORME, JJ.

## OPINION

WILKINS, Presiding Judge:

¶1 Defendant, U.S. Energy Corp., appeals a jury verdict awarding plaintiff, Dejavue, Inc., $90,871 in compensatory damages, $62,500 in punitive damages, and $91,668 in attorney fees. On appeal, U.S. Energy claims the trial court abused its discretion in refusing to either grant a judgment notwithstanding the verdict (JNOV) or order a new trial. U.S. Energy also attacks the trial court's award of attorney fees. Dejavue cross-appeals, claiming the trial court erred as a matter of law in refusing to award it prejudgment interest on the jury award. In addition, Dejavue requests attorney fees on appeal. We affirm and remand.

## BACKGROUND

¶2 U.S. Energy owns and operates a mobile home park, convenience store, motel, restaurant and lounge in Ticaboo, Utah, approximately ten miles from Lake Powell. In May 1995, U.S. Energy subleased the restaurant and lounge facilities to Dejavue, Inc. (Dejavue), a corporation with two shareholders, Allison Nord and Kristine Schultz. Shortly thereafter, the parties agreed that Dejavue would also oversee the mobile home park, convenience store, and motel, for which Dejavue was to receive a $4,000 monthly management fee.

¶3 In February 1996, problems arose between the parties, ultimately resulting in the termination of Dejavue's lease and the removal of Nord and Schultz as managers of the mobile home park, convenience store, and motel. Thereafter, Dejavue, Nord, and Schultz brought suit against U.S. Energy alleging various contract and tort claims. U.S. Energy counterclaimed for breach of contract. Before trial, Schultz abandoned her claims and therefore they were not presented to the jury.

¶4 The case was tried in June 1998. At trial, Nord asserted a cause of action for intentional infliction of emotional distress and Dejavue asserted claims for breach of contract, forcible entry, unlawful detainer, conversion, misrepresentation, and unjust enrichment. U.S. Energy asserted a counterclaim for breach of contract, misrepresentation, contractual indemnification, and accounting. In order to impeach one of U.S. Energy's witnesses, Dejavue offered into evidence U.S. Energy's 1997 Annual Report (the report) "to demonstrate that U.S. Energy conducted its business practices in a deceptive fashion." The trial court admitted the report into evidence without objection from U.S. Energy.

¶5 At the close of trial, the case was submitted to the jury on general verdict forms, with a separate general verdict form for Nord, Dejavue, and U.S. Energy on its counterclaim. The jury returned one signed verdict form, awarding Dejavue $90,871 in compensatory damages. Because the jury left the general verdict forms for Nord and U.S. Energy blank, the trial court instructed the jury foreman to enter zero as the amount of damages and sign both forms. After the jury returned its compensatory award in favor of Dejavue, the jury deliberated again and awarded Dejavue $62,500 in punitive damages. In post-trial proceedings, the trial court refused to award Dejavue prejudgment interest on its compensatory damage award, but concluded Dejavue was the prevailing party and entitled to attorney fees under the sublease agreement.

¶6 In August 1998, U.S. Energy filed a motion for JNOV, or, in the alternative, for a new trial. U.S. Energy argued the trial court erred in admitting U.S. Energy's 1997 Annual Report and that the evidence was insufficient to support a punitive damage award. The trial court denied U.S. Energy's motion. In October 1998, the trial court entered findings of fact, conclusions of law, and an order awarding Dejavue $90,871 in compensatory damages, $62,500 in punitive

damages, and $91,668 in attorney fees. This appeal followed.

## ISSUES AND STANDARDS OF REVIEW

 ¶ 7 We address three issues on appeal. First, we consider whether the trial court abused its discretion in denying U.S. Energy's motion for JNOV or, alternatively, for a new trial. When a party challenges the sufficiency of evidence underlying a trial court's denial of a motion for JNOV or a new trial, "we reverse only if, viewing the evidence in the light most favorable to the prevailing party, the evidence is insufficient to support the verdict." *Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 799 (Utah 1991). Furthermore, "the appealing party 'must marshal the evidence in support of the verdict and then demonstrate that the evidence is insufficient when viewed in the light most favorable to the verdict.'" *Heslop v. Bank of Utah*, 839 P.2d 828, 839 (Utah 1992) (quoting *Crookston*, 817 P.2d at 799).

 ¶ 8 Second, we address whether the trial court correctly awarded attorney fees to Dejavue as the prevailing party. Whether attorney fees are recoverable is a question of law which we review for correctness. *See Valcarce v. Fitzgerald*, 961 P.2d 305, 315 (Utah 1998). However, the trial court has "broad discretion in determining what constitutes a reasonable fee, and we will consider that determination against an abuse-of-discretion standard." *Dixie State Bank v. Bracken*, 764 P.2d 985, 991 (Utah 1988).

 ¶ 9 Finally, we address whether the trial court erred in denying Dejavue's request for prejudgment interest on its compensatory damage award. We review the award of prejudgment interest, a question of law, under a correction of error standard. *See Andreason v. Aetna Cas. & Sur. Co.*, 848 P.2d 171, 177 (Utah Ct.App.1993).

## ANALYSIS

### I. REFUSAL TO GRANT JNOV OR ORDER NEW TRIAL

 ¶ 10 U.S. Energy claims two points of error in the trial court's refusal to set aside the jury's verdict and either grant a JNOV or order a new trial. First, U.S. Energy contends that the trial court improperly admitted evidence concerning its financial condition during the compensatory damages phase of the trial. Second, U.S. Energy argues the jury failed to make the requisite finding of willful and malicious conduct necessary to support an award of punitive damages. We address each point in turn.

### A. Evidence of U.S. Energy's Financial Condition

 ¶ 11 Section 78–18–1 of the Utah Code provides that evidence of a party's wealth or financial condition is inadmissible until a finding of liability for punitive damages has been made. *See* Utah Code Ann. § 78–18–1(2) (1996). This rule is intended to prevent juries from being improperly influenced by a party's wealth in assessing compensatory damages—damages which should be based solely on losses, not the losing party's ability to pay. *See Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 456 (Utah 1993). In this case, Dejavue introduced U.S. Energy's 1997 Annual Report during the compensatory damage phase of the trial, before a finding of liability for punitive damages had been made. Although the report was offered for impeachment purposes, it contained financial information regarding U.S. Energy's assets and net worth. However, U.S. Energy did not object to the admission of the report. It is well settled that issues not raised before the trial court are waived on appeal. *See State v. Schreuder*, 726 P.2d 1215, 1222 (Utah 1986) (stating in order "[t]o preserve a contention of error in the admission of evidence for appeal, a defendant must raise a timely objection in the trial court"). Because U.S. Energy failed to preserve the issue of admission of the report by raising a timely objection, we decline to further address this argument.

### B. Sufficiency of the Evidence

¶ 12 Because U.S. Energy's challenge to the jury's punitive damages award amounts to an attack on the sufficiency of the evidence, it "must marshal all evidence supporting the verdict" and then show that the evidence cannot support the verdict. *Von*

*Hake v. Thomas,* 705 P.2d 766, 769 (Utah 1985). "The burden on an appellant to establish that the evidence does not support the jury's verdict ... is quite heavy." *Cambelt Int'l Corp. v. Dalton,* 745 P.2d 1239, 1242 (Utah 1987).

¶ 13 In this case, U.S. Energy has failed to meet this burden. U.S. Energy has not marshaled the evidence upon which the jury could have based a finding of willful and malicious conduct, nor has it argued that this evidence was insufficient to support the jury's punitive damage award. U.S. Energy ignores evidence that it forcibly removed Dejavue from the leased premises, as well as evidence that it failed to negotiate the motel management agreement in good faith. Finally, U.S. Energy overlooks evidence that it converted Dejavue's restaurant equipment and used it for two years without Dejavue's consent.

¶ 14 Instead, U.S. Energy merely states those facts most favorable to its position and ignores the contrary evidence. This is not adequate. *See ProMax Dev. Corp. v. Mattson,* 943 P.2d 247, 255 (Utah Ct.App.1997). We have shown no reluctance to affirm the jury's verdict when a party fails to meet its marshaling burden. *See, e.g., Wright v. Westside Nursery,* 787 P.2d 508, 514 (Utah Ct.App.1990). Accordingly, we assume the record supports the jury's verdict and refuse to consider U.S. Energy's claim of insufficient evidence.

### C. Finding of Willful and Malicious Conduct

¶ 15 U.S. Energy also challenges what it considers to be the trial court's failure to require a specific finding of willful and malicious conduct on its part by the jury prior to consideration of the amount of punitive damages to be awarded. However, U.S. Energy concedes that it failed to object to the procedure followed by the trial court in this regard, or to object to the jury instructions given by which the jury learned of its responsibilities in considering the requested award of punitive damages.

¶ 16 Having failed to object at trial, U.S. Energy may not now complain. *See*

*VanDyke v. Mountain Coin Mach. Distribs., Inc.,* 758 P.2d 962, 964 (Utah Ct.App.1988) ("If a party fails to object to a jury instruction, the objection is deemed waived on appeal."). As U.S. Energy also conceded at oral argument, the jury instructions given on this issue were sufficient to instruct the jury on the law. We assume the jury followed those instructions. *See State v. Burk,* 839 P.2d 880, 883 (Utah Ct.App.1992) ("In the absence of the appearance of something persuasive to the contrary, we assume that the jurors were conscientious in performing to their duty, and that they followed the instructions of the court." (citations omitted)). Accordingly, we find no error in the absence of a specific, pre-damages finding by the jury of willful and malicious conduct on the part of U.S. Energy.

### II. ATTORNEY FEES

¶ 17 U.S. Energy also challenges the trial court's award of attorney fees to Dejavue as the prevailing party. Specifically, U.S. Energy argues; (1) the sublease agreement does not provide a basis for awarding Dejavue attorney fees; (2) Dejavue cannot establish that it prevailed on a breach of contract claim; and (3) in any event, the fees are excessive. We disagree.

### A. Sublease Agreement

¶ 18 The sublease agreement between the parties specifically provides that in the event of default by Dejavue, U.S. Energy shall have the right to recover reasonable attorney fees and costs. Utah law provides for the reciprocal right to recover attorney fees, and permits a court to award attorney fees to either party prevailing in an action based on a written contract, when the contract permits at least one party to recover such fees. *See* Utah Code Ann. § 78–27–56.5 (1996). However, "attorney fees authorized by contract are awardable only in accordance with the explicit terms of the contract." *Maynard v. Wharton,* 912 P.2d 446, 451 (Utah Ct.App.1996). Thus, under the terms of the sublease agreement and pursuant to Utah law, Dejavue is clearly entitled to an award of attorney fees if it indeed prevailed on either its own breach of contract claim, or

in defending against U.S. Energy's breach of contract counterclaim.

### B. Breach of Contract Claims

¶ 19 The jury returned a general verdict awarding Dejavue $90,871 in compensatory damages. Because the general verdict form did not identify the specific claims on which the award was based, we are unable to determine whether Dejavue prevailed on its breach of contract claim. However, with respect to U.S. Energy's counterclaim for breach of contract, the jury returned a "no cause of action" verdict in Dejavue's favor. Thus, although it is uncertain whether Dejavue prevailed on its breach of contract claim, Dejavue was clearly successful in defending against U.S. Energy's breach of contract counterclaim.

¶ 20 Where a contract provides the "right to attorney fees, Utah courts have allowed the party who successfully prosecuted or defended against a claim to recover the fees attributable to those claims on which the party was successful." *Occidental/Nebraska Fed. Sav. v. Mehr*, 791 P.2d 217, 221 (Utah Ct.App.1990). Furthermore, when a plaintiff brings multiple claims involving a common core of facts and related legal theories, and prevails on at least some of its claims, it is entitled to compensation for all attorney fees reasonably incurred in the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). "However, a plaintiff must, at a minimum, be a prevailing party with respect to a portion of the litigation in order to receive fees." *Stewart v. Donges*, 979 F.2d 179, 183 (10th Cir. 1992); *see Jane L. v. Bangerter*, 61 F.3d 1505, 1512 (10th Cir.1995) ("If claims are related, failure on some claims should not preclude full recovery if plaintiff achieves success on a significant, interrelated claim."); *Durant v. Independent Sch. Dist. No. 16*, 990 F.2d 560, 566 (10th Cir.1993) (stating because plaintiff's "claims arose out of a common core of facts and involved related legal theories, the district court may ... conclude her prevailing party status on ... [one] claim subsumes her failure to succeed [on the other.]"); *Sprouse v. Jager*, 806 P.2d 219, 226 (Utah Ct.App.1991) ("Because these complex issues were so intertwined, we find the court acted within its discretion in its award of attorney fees").

¶ 21 In the present case, Dejavue successfully defended against U.S. Energy's breach of contract counterclaim. Accordingly, Dejavue is entitled to attorney fees under the sublease agreement. Furthermore, Dejavue's contract and tort claims were based on related legal theories involving a common core of facts. The trial court specifically found that

> the claims advanced by Dejavue, and interposed as defenses to the counterclaims, were based on inter-related legal theories and arose from a common core of facts.... Each of Dejavue's claims submitted to the jury was intertwined with its defense of the breach of contract ... counterclaims and arose from a common core of facts.

U.S. Energy does not dispute these factual findings and therefore, we accept them as true. *See C & Y Corp. v. General Biometrics, Inc.*, 896 P.2d 47, 52 (Utah Ct.App.1995) ("Because appellants do not challenge the trial court's factual findings, we must accept this finding as true."). Accordingly, we affirm the trial court's conclusion that Dejavue is the prevailing party in this case and entitled to "attorney fees incurred in presenting all of its legal theories."

### C. Reasonableness of Attorney Fees

¶ 22 We now consider whether the fees awarded to Dejavue were reasonable. Calculation of reasonable attorney fees is within the sound discretion of the trial court, so long as the fees are supported by the evidence in the record. *See Baldwin v. Burton*, 850 P.2d 1188, 1199 (Utah 1993). Among the factors to be considered by the trial court in considering the reasonableness of the fee are "the extent of services rendered, the difficulty of the issues involved, the reasonableness of time spent on the case, fees charged in the locality for similar services, and the necessity of bringing an action to vindicate rights." *Id.* at 1200. The trial court considered these factors, prepared written findings supporting its action, and ultimately awarded Dejavue slightly less than three quarters of the fees it sought.

¶ 23 In this case, the trial court's determination that the attorney fees awarded were reasonable is amply supported by the evidence. Dejavue submitted attorney fee affidavits that included detailed billing statements. Additionally, Dejavue submitted the expert affidavits of three local attorneys specializing in civil litigation who attested to the reasonableness and necessity of Dejavue's fee request. U.S. Energy, in turn, failed to offer any evidence to refute the reasonableness of Dejavue's fee request. Because the record supports the trial court's award of attorney fees, we cannot say the trial court clearly exceeded its permitted discretion in awarding Dejavue $91,668 in attorney fees. Therefore, we affirm the trial court's ruling on this issue.

## III. CROSS-APPEAL

¶ 24 Dejavue cross-appeals the trial court's refusal to award prejudgment interest. Under Utah law, prejudgment interest may be awarded to provide full compensation for actual loss. *See Canyon Country Store v. Bracey,* 781 P.2d 414, 422 (Utah 1989). The award is proper if the loss is fixed at a definite time and the interest can be calculated with mathematical accuracy. *See Coalville City v. Lundgren,* 930 P.2d 1206, 1212 (Utah Ct.App.1997). However, because of the lack of mathematical certainty, prejudgment interest is typically not allowed in actions seeking equitable relief such as unjust enrichment. *See Shoreline Dev., Inc. v. Utah County,* 835 P.2d 207, 211 (Utah Ct.App.1992); *see also James Constructors v. Salt Lake City,* 888 P.2d 665, 671 n. 4 (Utah Ct.App.1994) (stating "Utah courts have upheld the denial of prejudgment interest in actions seeking ... unjust enrichment"); *Bailey–Allen Co., Inc. v. Kurzet,* 876 P.2d 421, 427 (Utah Ct.App.1994) (concluding "even if quantum meruit is awarded on remand, no prejudgment interest should be awarded").

¶ 25 In this case, one of the five causes of action Dejavue submitted to the jury was an unjust enrichment claim. Although the jury awarded Dejavue $90,871 in compensatory damages, the general verdict form did not identify the specific claims on which the award was based. While an award of prejudgment interest might well be appropriate under the breach of contract claim, such an award is highly problematic with respect to the forcible entry, unlawful detainer, and conversion claims. However, it would never be appropriate for the unjust enrichment claim presented here. In this case, the trial court had no way of knowing under which theory or theories of liability the jury awarded its verdict. Thus, it was impossible for the trial court to determine to what extent, if any, the jury's damage award was based on Dejavue's unjust enrichment claim—a claim which is not subject to an award of prejudgment interest. *See Shoreline Dev., Inc.,* 835 P.2d at 211 (rejecting claim for prejudgment interest on unjust enrichment award). Under these circumstances, because of the lack of mathematical certainty, we conclude the trial court correctly denied Dejavue prejudgment interest.

## IV. ATTORNEY FEES ON APPEAL

¶ 26 Finally, Dejavue, having prevailed below, and again on appeal, requests attorney fees incurred in connection with this appeal. Such an award is clearly within the contemplation of the sublease agreement. *See Management Servs. Corp. v. Development Assocs.,* 617 P.2d 406, 409 (Utah 1980) (ruling provision in contract providing for attorney fees includes attorney fees incurred by the prevailing party on appeal). Accordingly, we award Dejavue reasonable attorney fees incurred on appeal, and remand for the limited purpose of determining the amount of those fees.

## CONCLUSION

¶ 27 We conclude the trial court properly denied U.S. Energy's motion for JNOV, or, in the alternative, for a new trial. U.S. Energy failed to object to the admission of the report. Also, because U.S. Energy failed to properly marshal the evidence supporting the jury's punitive damage award, we decline to disturb those findings. Further, we hold that under the sublease agreement, Dejavue was the prevailing party and entitled to "attorney fees incurred in presenting all of its

legal theories." Moreover, we conclude that the trial court's award of attorney fees was reasonable and that the trial court properly denied Dejavue's request for prejudgment interest. Finally, we award Dejavue attorney fees on appeal, and remand for a determination of the amount of those fees.

¶ 28 Affirmed and remanded.

¶ 29 I CONCUR: JUDITH M. BILLINGS, Judge.

¶ 30 I concur, except that as to Section II(A) & (B), I concur only in the result: GREGORY K. ORME, Judge.