2008 UT App 1

**IRON HEAD CONSTRUCTION, INC., Plaintiff and Appellee,**

v.

**Alan K. GURNEY and Vicki W. Gurney, Defendants and Appellants.**

No. 20060841–CA.

Court of Appeals of Utah.

Jan. 4, 2008.

Edwin C. Barnes and Aaron D. Lebenta, Salt Lake City; and Lloyd D. Rickenbach, Koosharem, for Appellants.

Marvin D. Bagley, Richfield, for Appellee.

Before GREENWOOD, P.J., McHUGH and ORME, JJ.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Defendants Alan K. Gurney and Vicki W. Gurney (the Gurneys) appeal the trial court's award of $12,835 in prejudgment interest subsequent to a settlement agreement with Plaintiff Iron Head Construction, Inc. (Iron Head). We affirm.

## BACKGROUND

¶ 2 The Gurneys hired Iron Head to do construction and remodel work on their home for the negotiated price of $168,558, pursuant to a written contract.[1] Construction started in February 2000. Over the next several months, according to Iron Head, the Gurneys requested changes to the scope of the work, including the addition of a new roof, relocating and reinsulating walls, as well as additional wiring, plumbing, and drywall work. The parties did not memorialize any of the proposed changes in writing. The Gurneys paid Iron Head $161,455 for the work performed, and work stopped sometime after August 2000 due to a dispute over the amount of money owed. At a meeting between the parties in early December, Iron Head contends its representative brought a final invoice; however, the Gurneys did not review the invoice at that meeting and the parties did not reach a consensus on payment.

¶ 3 On December 12, 2000, Iron Head filed a mechanic's lien for $119,051 on the Gurneys' property with the office of the Sevier County Recorder. In January 2001, Iron Head filed suit against the Gurneys, alleging breach of contract, quantum meruit, and unjust enrichment, and sought to foreclose on the mechanic's lien. On the first three claims, Iron Head sought $71,000, plus fifteen percent profit and ten percent interest, plus costs and attorney fees. After three days of trial in November 2003, during Iron Head's case in chief, the parties settled Iron Head's claims for $43,500, but reserved for the trial court the issue of entitlement to prejudgment interest. The trial court decided, based upon the parties' briefs, that the Gurneys owed Iron Head $12,835 in prejudgment interest based on the settlement amount of $43,500. The trial court ruled that the interest accrued from December 31, 2000, because the parties had a meeting in early December and no work was performed on the house after that meeting.

¶ 4 The Gurneys appeal the award of prejudgment interest.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 5 The Gurneys claim that the trial court erred in awarding prejudgment interest based upon the settlement of a dispute

---

1. The original agreement regarding construction and associated costs was an oral agreement based upon a master materials list. When a lender required a written agreement to process a construction loan, the parties agreed that the materials, labor, and costs reflected in the master materials list constituted the work to be performed. They accordingly signed an agreement stating as much.

involving both contract and equitable claims. "'A trial court's decision to grant or deny prejudgment interest presents a question of law which we review for correctness.'" *Bennett v. Huish*, 2007 UT App 19, ¶ 11, 155 P.3d 917 (quoting *Smith v. Fairfax Realty, Inc.*, 2003 UT 41, ¶ 16, 82 P.3d 1064).[2]

## ANALYSIS

■ ¶ 6 In Utah, any analysis of an award of prejudgment interest starts with reference to the standard for such awards, established a century ago in *Fell v. Union Pacific Railway Co.*, 32 Utah 101, 88 P. 1003 (1907). The supreme court stated in *Fell* that prejudgment interest should be denied in cases where damages are determined by exercising the broad discretion of the fact finder, for instance, "[i]n all personal injury cases, cases of death by wrongful act, libel, slander, false imprisonment, malicious prosecution, assault and battery, and all cases where the damages are incomplete and are peculiarly within the province of the jury to assess at the time of the trial." *Id.* at 1006. More recently, in *Shoreline Development, Inc. v. Utah County*, 835 P.2d 207 (Utah Ct.App.1992), this court stated the same principle this way: "If the jury must determine the loss by using its best judgment as to valuation rather than fixed standards of valuation, prejudgment interest is inappropriate." *Id.* at 211.

■ ¶ 7 In cases where the damages amount is more subject to calculation, prejudgment interest may be allowed to compensate the wronged party for the use of his or her money during the pendency of the dispute. In *Fell*, the supreme court explained the rationale behind such an award: "If he had loaned the money to some one [sic], he certainly would be entitled to interest, and, if he borrowed it from some one [sic], he would likely have to pay interest for its use." 88 P. at 1005. Therefore, when prejudgment interest is awarded it is "'to compensate a party for the depreciating value of the amount owed over time and, as a corollary, to deter parties from intentionally

withholding an amount that is liquidated and owing.'" *Carlson Distrib. Co. v. Salt Lake Brewing Co.*, 2004 UT App 227, ¶ 32, 95 P.3d 1171 (quoting *Lefavi v. Bertoch*, 2000 UT App 5, ¶ 24, 994 P.2d 817).

■ ¶ 8 In order to determine whether prejudgment interest should attach, Utah courts look to "whether the injury and consequent damages are complete and must be ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value." *Fell*, 88 P. at 1007.

■ ¶ 9 The Utah Supreme Court has not disavowed *Fell*, and has reaffirmed its basic tenets in subsequent cases. For example, in *Canyon Country Store v. Bracey*, 781 P.2d 414 (Utah 1989), the supreme court endorsed the proposition that prejudgment interest is awardable "[w]here the damage is complete and the amount of loss is fixed as of a particular time, and that loss can be measured by facts and figures." *Id.* at 422 (internal quotation marks omitted); *see also Bellon v. Malnar*, 808 P.2d 1089, 1097 (Utah 1991) (stating that prejudgment interest is properly awarded when "the loss had been fixed as of a definite time and the amount of the loss can be calculated with mathematical accuracy in accordance with well-established rules of damages"). In other words, prejudgment interest is denied when damages would be based on "a mere description of the wrongs done," *Smith v. Fairfax Realty, Inc.*, 2003 UT 41, ¶ 22, 82 P.3d 1064 (internal quotation marks omitted), and should be awarded when the damages (1) can be calculated with mathematical accuracy; and (2) are complete as of a particular date. *See Bellon*, 808 P.2d at 1097; *Bracey*, 781 P.2d at 422; *Fell*, 88 P. at 1007; *Bennett v. Huish*, 2007 UT App 19, ¶ 43, 155 P.3d 917; *Shoreline*, 835 P.2d at 212.

¶ 10 We believe that *Fell* and its progeny establish the standard to be applied to the facts of this case. Because we determine that the above analysis is required, we do not

---

**2.** Iron Head's claim that the judgment the Gurneys appealed from is not a final order is without merit and we do not address it further. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989) (stating

that appellate courts "need not analyze and address in writing each and every argument, issue, or claim raised").

agree with the Gurneys' assertion that a prejudgment interest award based on a settlement amount is invalid. The Gurneys argue that liability cannot be "inferred by the mere fact that the Gurneys agreed to pay money to end the dispute." They essentially assert that prejudgment interest can never be awarded based upon a settlement amount because "an award of prejudgment interest requires, as its basis, a finding of liability and an award of damages against the party to pay interest."

¶ 11 We disagree with the Gurneys under the facts presented here. In this case, the parties settled all of their claims except the question of whether the Gurneys owed Iron Head prejudgment interest. They specifically reserved this issue for determination by the trial court. The parties did not reach a global settlement, ending the dispute regarding all their claims. If that had been the case, a trial court would not have been justified in awarding prejudgment interest at the request of one party. But when the parties specifically asked the trial court to determine whether prejudgment interest was justified, we believe that the approach required by our case law is that the court examine the nature of the claims settled, and apply the *Fell* factors. Accordingly, we analyze the Gurneys' claims and determine that the trial court's award of prejudgment interest was justified.[3]

## I. Prejudgment Interest Based upon Equitable Claims

¶ 12 The Gurneys claim that prejudgment interest should not be awarded in this dispute that included the equitable claims of quantum meruit and unjust enrichment. They argue that equitable claims are categorically not subject to an assessment of prejudgment interest. The settlement agreement here did not specify whether the settlement was based upon Iron Head's contract claim or its equitable claims. Therefore we analyze the equitable claims because they were implicated in the final settlement by virtue of not being explicitly excluded from the settlement agreement.

¶ 13 Quantum meruit and unjust enrichment claims are particularly problematic causes of action because they fall somewhere between the poles of contract claims and equitable claims. See *Davies v. Olson*, 746 P.2d 264, 268–69 (Utah Ct.App.1987). A review of Utah's caselaw indicates that our appellate courts have stated a presumption against awarding prejudgment interest for equitable claims because of the lack of mathematical certainty. *See, e.g., Bellon v. Malnar*, 808 P.2d 1089, 1097 (Utah 1991) ("No case has been cited to us where we have allowed prejudgment interest in an action such as the instant case, which is for equitable relief."). However, most of the cases that both award and deny prejudgment interest for legal and equitable claims have analyzed the facts of each case in light of the standard established in *Fell* to make the ultimate determination. *See, e.g., Christenson v. Commonwealth Land Title Ins. Co.*, 666 P.2d 302, 303, 305, 308 (Utah 1983) (upholding an award of prejudgment interest for the tort of negligent misrepresentation, an outgrowth of the tort of common law fraud, because "here, the loss is fixed as of a particular time, and the amount of the loss can be calculated with mathematical accuracy.").[4]

¶ 14 *Davies v. Olson*, 746 P.2d 264 (Utah Ct.App.1987), provides a helpful example of how a prejudgment interest award can be based upon a quantum meruit claim. There, this court described quantum meruit in a similar construction related dispute as "an action initiated by a plaintiff to recover payment for labor performed in a variety of circumstances in which that plaintiff, for some reason, would not be able to sue on an express contract. Recovery under quantum

---

**3.** Our dissenting colleague presents logical and intriguing observations. However, in the absence of case law to guide us as to the impact of a settlement rather than a trial, we believe that the issue before us requires analysis.

**4.** *Christenson v. Commonwealth Land Title Insurance Co.*, 666 P.2d 302 (Utah 1983), provides an example of an exception to the exclusion of most torts from prejudgment interest awards, as detailed in *Fell*, i.e., personal injury cases, cases of death by wrongful act, assault and battery, etc. See *Fell v. Union Pac. Ry. Co.*, 32 Utah 101, 88 P. 1003, 1006 (1907).

meruit presupposes that no enforceable written or oral contract exists." *Id.* at 268. The *Davies* court stated that confusion surrounds quantum meruit claims because "courts have used the terms quantum meruit, contract implied in fact, contract implied in law, quasi-contract, unjust enrichment, and/or restitution without analytical precision." *Id.* at 268–69.

¶ 15 The *Davies* court described two branches of quantum meruit, (1) contract implied in law, also referred to as unjust enrichment or quasi-contract; and (2) contract implied in fact. *See id.* at 269. Both branches are "rooted in justice to prevent the defendant's enrichment at the plaintiff's expense." *Id.* (citations and internal quotation marks omitted). The court ultimately approved an award of prejudgment interest on a quantum meruit claim involving a contract implied in fact. *See id.* at 269–70.

¶ 16 Other cases also have allowed awards of prejudgment interest in cases involving equitable claims. In *Smith v. Fairfax Realty, Inc.*, 2003 UT 41, 82 P.3d 1064, the Utah Supreme Court approved an award of prejudgment interest where the jury awarded damages for breach of the partnership agreement, breach of fiduciary duty,[5] and conversion. *See id.* ¶¶ 1, 2, 10, 23. The court applied the *Fell* factors in analyzing whether and when damages were complete, declining to decide whether "prejudgment interest is always appropriate in breach of fiduciary cases ... because ... the prejudgment interest awarded was appropriate under the *Fell* standard." *Id.* ¶¶ 19. Similarly, in *Bennett v. Huish*, 2007 UT App 19, 155 P.3d 917, this court affirmed an award of prejudgment interest on a trial court's ruling that defendant converted loan proceeds and breached his fiduciary duty. *See id.* ¶¶ 28, 33, 46. This court did not address the nature of the claims, but affirmed the trial court in ruling that the losses were fixed and quantifiable within a mathematical certainty. *See id.* ¶ 46.

¶ 17 Several Utah cases have denied awards of prejudgment interest, relying on an analysis of the *Fell* factors. In *Shoreline Development, Inc. v. Utah County*, 835 P.2d 207 (Utah Ct.App.1992), this court did not allow an award of prejudgment interest on an unjust enrichment claim, when the original claims were for breach of contract, quantum meruit, and unjust enrichment. *See id.* at 209, 211, 212. The denial was based on the possibility of double recovery when the jury award could have included such interest. *See id.* at 211. Although the court stated that "prejudgment interest must be sought directly as damages in unjust enrichment cases, if at all," *id.* at 212, implying that such damages were not unequivocally precluded, the issue addressed was whether "the damages upon which prejudgment interest is sought can be calculated with mathematical certainty." *Id.* at 211.

¶ 18 Similarly, in *Bailey–Allen Co., Inc. v. Kurzet*, 876 P.2d 421 (Utah Ct.App.1994), this court advised the trial court that "on remand, no prejudgment interest should be awarded" on a quantum meruit claim. *Id.* at 427. The court stated, "We conclude that any damages in this case cannot be fixed at a particular time and with accuracy." *Id.* And in *Canyon Country Store v. Bracey*, 781 P.2d 414 (Utah 1989), the supreme court affirmed the denial of prejudgment interest on loss of profits, stating:

> The purpose of a prejudgment interest award is to compensate a plaintiff for actual loss or to prevent a defendant's unjust enrichment. There was no unjust gain by the insurers in this case, and with the amount of uncertainty involved in determining an actual loss, it would have been inappropriate for the trial court to allow for the addition of prejudgment interest.

*Id.* at 422.

¶ 19 One case, *Dejavue, Inc. v. U.S. Energy Corp.*, 1999 UT App 355, 993 P.2d 222, appears to rely more heavily on a presumption against prejudgment interest for equitable claims, stating that an award of prejudgment interest "would never be appropriate for the unjust enrichment claim presented here." *Id.* ¶ 25. This court denied the

---

5. Breach of fiduciary duty is an equitable claim. *See In re Evangelist*, 760 F.2d 27, 29 (1st Cir. 1985) ("Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity'". (citing Restatement of Restitution, introductory note at 9 (1937))).

award, at least in part, because it was impossible to determine which of five causes of action, including one for unjust enrichment, the jury's award was based upon. *See id.* We do not believe *Dejavue* should be read to prohibit prejudgment interest for all equitable claims, but should be restricted to the facts of that case. Further, such a reading would be inconsistent with other cases from both of Utah's appellate courts. We therefore decline to extend any presumption against prejudgment interest awards for equitable claims as far as that argued by the Gurneys in reliance on their interpretation of *Dejavue.* Instead we reiterate the importance of analyzing the claim according to whether the "damages are complete" and can be "ascertained as of a particular time" and "in accordance with fixed rules of evidence and known standards of value." *Fell v. Union Pac. Ry. Co.,* 32 Utah 101, 88 P. 1003, 1007 (1907).

## A. Mathematical Accuracy

¶ 20 The Gurneys argue that Iron Head cannot prove that the damages were calculable with "mathematical accuracy," *Bennett v. Huish,* 2007 UT App 19, ¶ 45, 155 P.3d 917, because the amount owed was a "moving target" until the date of settlement. They claim that Iron Head's bills were disputed, and the pleadings, records, and other evidence were conflicting and inconsistent. We do not find this argument persuasive. In *Huish,* we rejected the assertion that the damage amount could not be calculated with mathematical certainty when the amount alleged in the complaint was different from the amount awarded at trial. *See id.* ¶¶ 44–46. "The fact that the parties dispute or reduce the amount of damages does not in and of itself mean that damages are incomplete or cannot be calculated with mathematical accuracy." *Id.* ¶ 45. Here, Iron Head's damages were based upon evidence about hours worked, materials, submitted invoices, time cards, bills paid, and labor costs. Although the damages Iron Head claimed were inconsistent, a fact finder could have determined any damage amount based on the evidence presented. A jury verdict would not have been based on " 'a mere description of the wrongs done or injuries inflicted' " *Smith v.*

*Fairfax Realty, Inc.,* 2003 UT 41, ¶ 22, 82 P.3d 1064 (quoting *San Pedro, Los Angeles & Salt Lake R.R. v. Board of Educ.,* 35 Utah 13, 99 P. 263, 267 (1909)), and would have relied upon "fixed rules of evidence and known standards of value." *Fell,* 88 P. at 1007.

## B. Complete and Fixed as of a Particular Date

¶ 21 Further, we agree with the trial court that the last day of December 2000 is an appropriate date from which prejudgment interest should begin to accrue. Although the Gurneys are correct that the trial court is not authorized to make fact findings without a trial, the trial court needed to establish the "date payment is due" in order to award prejudgment interest. *Davies v. Olson,* 746 P.2d 264, 270 (Utah Ct.App.1987). Because both sides offered testimony that there was an early December meeting where the parties failed to reach consensus, and it was undisputed that no construction was performed on the house after this meeting, the trial court did not err in choosing the last day of December as the date from which prejudgment interest would begin to accrue.

¶ 22 In sum, we affirm the trial court's award of prejudgment interest based on the settlement amount.

¶ 23 I CONCUR: CAROLYN B. McHUGH, Judge.

ORME, Judge (dissenting):

¶ 24 This is a tough case. We have no experience with a settlement, otherwise complete, that leaves for the trial court the single question of prejudgment interest. And the lead opinion cites no case dealing with such an atypical scenario. Without authority or experience to guide us, we are basically freestyling in trying to resolve this appeal.

¶ 25 I would have little disagreement with my colleagues if, in reaching their settlement, the parties stipulated that the amount still due under their contract was $43,500. Or if that amount was nothing more than the sum of a class of invoices—maybe those initialed by the Gurneys; or those attributable

to, say, the roof expansion; or those incurred between two significant dates. But such is not the case. The rather round sum of $43,500 is—not unlike an award for pain and suffering or damage to reputation—a figure that has essentially been plucked from the air, albeit by the parties rather than a jury. As such, it no doubt includes some component for unpaid work that the Gurneys think they owe, or at least that they are pretty sure the trial court would find they owe. But it also includes the value of being spared additional days in court, leaving them free to more productively spend their time, and of having their property free of a lien that limits its marketability. It also includes potentially significant amounts allocable to stanching the flow of additional bills for attorney fees and to avoiding the risk in any litigation of a judgment reflecting a worst-case scenario.

¶ 26 My problem, then, is a very simple one. I cannot tell how much of the settlement amount, if any, is for the kind of thing that may warrant an award of prejudgment interest and how much reflects the range of imponderables inherent in any settlement decision. Iron Head, as the party who would benefit from the determination, bore the burden of establishing "the factual predicate supporting [its] claim for prejudgment interest." *Cheves v. Williams*, 1999 UT 86, ¶ 43, 993 P.2d 191. In the odd posture of this case, it clearly failed to do so. I would therefore vacate the award of prejudgment interest.