2009 UT 25

**IRON HEAD CONSTRUCTION, INC.,**
Plaintiff and Respondent,

v.

**Alan K. GURNEY and Vicki W. Gurney,**
Defendants and Petitioners.

No. 20080099.

Supreme Court of Utah.

April 24, 2009.

Douglas L. Neeley, Manti, for plaintiff.

Edwin C. Barnes, Aaron D. Lebenta, Salt Lake City, Lloyd D. Rickenbach, Koosharem, for defendants.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 Petitioners Alan K. Gurney and Vicki W. Gurney (the Gurneys) appeal from a ruling by the Utah Court of Appeals affirming the district court's award of $12,835.48 in prejudgment interest subsequent to the parties' settlement of all claims during trial. We reverse and vacate.

## BACKGROUND

¶ 2 In early 2000, the Gurneys hired Iron Head Construction, Inc. (Iron Head) to expand and remodel part of their home. The parties signed a contract that indicated Iron Head would be paid $168,558 for the work. Once construction began, the Gurneys made several changes to the scope of the project. According to Iron Head, these changes included expanding the work originally contracted for as well as a complete remodel of both floors of the Gurneys' home.

¶ 3 Iron Head attempted to collect an additional $82,463.33 from the Gurneys above and beyond the contract price. Specifically, Iron Head claimed it was owed compensation for the additional modifications requested by the Gurneys. The Gurneys refused to pay any additional compensation to Iron Head because the modifications claimed by Iron Head had not been agreed to in writing as required by the contract. As a result, Iron Head filed both a mechanic's lien against the Gurneys' home and a suit alleging breach of contract, unjust enrichment, and quantum meruit, and requesting foreclosure of the mechanic's lien.

¶ 4 Following three days of a bench trial, and in the middle of Iron Head's case in chief, the parties agreed that the Gurneys would pay Iron Head $43,500 to settle the case. The agreement settled all claims between the parties but reserved for determination by the trial court the question of whether Iron Head was entitled to prejudgment interest on the settlement amount. The agreement between the parties was not reduced to writing and was instead announced to the court during the trial. It contained no admissions of liability or identification of the basis for the settlement amount. Iron Head contends the settlement constituted an agreed upon amount of damages for their claims. In contrast, the Gurneys assert that the settlement amount represented a nuisance value only and was reached in order to save the parties the time and expense of further litigation.

¶ 5 Following briefing by both parties, the district court determined that damages became complete on December 31, 2000 and awarded $12,835.48 in prejudgment interest to Iron Head. The majority of the panel of the court of appeals affirmed the district court's award. *Iron Head Constr., Inc. v. Gurney,* 2008 UT App 1, ¶ 22, 176 P.3d 453.

## ISSUES AND STANDARD OF REVIEW

¶ 6 We granted certiorari on two issues. For clarity, we treat those issues in reverse order: (1) whether the court of appeals erred in affirming the district court's award of prejudgment interest on the amount of the parties' settlement; and, (2) whether the court of appeals erred in holding that the presence of equitable claims among those settled did not preclude an award of prejudgment interest.

¶ 7 " 'A trial court's decision to grant or deny prejudgment interest presents a question of law which we review for correctness.' " *Smith v. Fairfax Realty, Inc.,* 2003 UT 41, ¶ 16, 82 P.3d 1064 (quoting *Cornia v. Wilcox,* 898 P.2d 1379, 1387 (Utah 1995)).[1] On certiorari review of a question of law, "we accord no particular deference to the court of appeals' ruling and review it for correctness." *Machock v. Fink,* 2006 UT 30, ¶ 8, 137 P.3d 779 (quoting *Salt Lake County*

---

1. Iron Head contends the standard of review "is in substance one of mixed law and fact." This is not appropriate because no findings of fact were made at the district court level.

*v. Metro W. Ready Mix, Inc.,* 2004 UT 23, ¶ 11, 89 P.3d 155).

## ANALYSIS

¶ 8 The court of appeals erred in affirming the district court's award of prejudgment interest on the settlement amount. The court of appeals reasoned that because the parties' settlement agreement reserved the issue of entitlement to prejudgment interest for determination by the district court, an award of such interest was appropriate under the factors set forth in *Fell v. Union Pacific Railway,* 32 Utah 101, 88 P. 1003 (1907). *Iron Head Constr., Inc. v. Gurney,* 2008 UT App 1, 11, 176 P.3d 453. This analysis failed to address several basic problems with the district court's award. We will address each problem in turn.

## I. PREJUDGMENT INTEREST IS NOT AVAILABLE FOR AMOUNTS PAID PURSUANT TO SETTLEMENT ABSENT AN ADMISSION OF LIABILITY FOR DAMAGES

¶ 9 The award of prejudgment interest on the settlement amount in this case cannot stand because (1) the settlement involved no underlying finding of damages or liability against either party; (2) the amount stipulated to by the parties was not related to an amount that could be calculated to a mathematical certainty; and, (3) allowing an award of prejudgment interest based solely on a stipulated amount between the parties undermines the public policy of encouraging settlements.

¶ 10 "[A]n award of prejudgment interest simply serves to compensate a party for the depreciating value of the amount owed over time and, as a corollary, deters parties from intentionally withholding an amount that is liquidated and owing." *Trail Mountain Coal Co. v. Utah Div. of State Lands & Forestry,* 921 P.2d 1365, 1370 (Utah 1996). "Plaintiffs are entitled to damages for the loss of use of the money that, but for the [defendant]'s breach and ensuing delay, would have been paid to plaintiffs in satisfaction of their ... claim." *Kraatz v. Heritage Imps.,* 2003 UT App 201, ¶ 75, 71 P.3d 188 (alterations in original) (citing *Castillo v. Atlanta Cas. Co.,* 939 P.2d 1204, 1212 (Utah Ct.App.1997)).

¶ 11 In Utah, the standard for prejudgment interest on an award of damages was first enunciated in *Fell v. Union Pacific Railway.* There, we held that prejudgment interest was appropriate where "the injury and consequent damages are complete and [can] be ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value." 88 P. at 1007. More recently, we have stated that prejudgment interest may be proper when "the loss ha[s] been fixed as of a definite time and the amount of the loss can be calculated with mathematical accuracy in accordance with well-established rules of damages." *Bellon v. Malnar,* 808 P.2d 1089, 1097 (Utah 1991) (finding no error in the denial of prejudgment interest due to the equitable nature of the action).

¶ 12 Alternatively, prejudgment interest is not permissible in "cases where the damages are incomplete and are peculiarly within the province of the jury to assess at the time of the trial." *Fell,* 88 P. at 1006. This includes cases in which the fact finder is left " 'to determine the amount of damages from a mere description of the wrongs done or injuries inflicted.' " *Smith v. Fairfax Realty, Inc.,* 2003 UT 41, ¶ 22, 82 P.3d 1064 (quoting *San Pedro, L.A. & Salt Lake R.R. Co. v. Bd. of Educ. of Salt Lake City,* 35 Utah 13, 99 P. 263, 267 (1909)); *see also Bailey–Allen Co. v. Kurzet,* 876 P.2d 421, 427 (Utah Ct.App.1994) (concluding prejudgment interest should not be awarded because "any damages in this case cannot be fixed at a particular time and with accuracy"); *Shoreline Dev., Inc. v. Utah County,* 835 P.2d 207, 211–12 (Utah Ct.App.1992) (rejecting a claim for prejudgment interest on an award for damages for unjust enrichment).

¶ 13 Here, the Gurneys assert that prejudgment interest should not have been awarded on the settlement amount agreed to by the parties because, among other things, there was no finding of liability against the Gurneys and no admission of fault. We agree. In a case such as this, where the settlement does not rest on a finding or contain a stipulation of liability and damages against a party, prejudgment interest is unavailable. Moreover, as discussed below,

even if the settlement in this case had included a stipulation as to damages, prejudgment interest would not be allowed because the damages could not be determined with mathematical accuracy, and allowing such an award would counteract Utah's clear public policy of encouraging settlements.

### A. The Settlement Amount Was Not Damages

¶ 14 As previously discussed, the standard for prejudgment interest in Utah is based on an award of *damages*. *See Fell*, 88 P. at 1006. The court of appeals' adoption of the district court's use of the term "damages" as a characterization for the amount stipulated to by the parties is misguided. The settlement amount agreed to by the parties was not based on an admission or finding of liability.

¶ 15 On the contrary, no evidence exists in the record to suggest the Gurneys agreed to the settlement because they believed they were liable to Iron Head for damages. The lack of a finding of liability or entry of judgment against the Gurneys makes an award of prejudgment interest inappropriate in this case because any such award must necessarily rely on a judgment. The settlement amount cannot properly be characterized as an award of damages for which prejudgment interest should be awarded.·

¶ 16 The dissenting opinion in the court of appeals' decision is persuasive on this point. It notes, "The rather round sum of $43,500 is . . . a figure that has essentially been plucked from the air, albeit by the parties rather than a jury." *Iron Head Constr., Inc.*, 2008 UT App 1, ¶ 25, 176 P.3d 453 (Orme, J., dissenting). It also describes several examples of the various elements that could have made up the settlement amount between the parties. *See id.* The record is devoid of any description of the basis for the settlement amount, and for that reason, we "cannot tell how much of the settlement amount, if any, is for the kind of thing that may warrant an award of prejudgment interest and how much reflects the range of imponderables inherent in any settlement decision." *Id.* at ¶ 26. The court of appeals erred in accepting the district court's characterization of the amount as damages and affirming its award of prejudgment interest.

### B. The Settlement Amount Could Not Be Calculated to a Mathematical Certainty

¶ 17 The court of appeals held that prejudgment interest was appropriate on the settlement amount because "Iron Head's damages were based upon evidence about hours worked, materials, submitted invoices, time cards, bills paid, and labor costs." *Iron Head Constr., Inc.*, 2008 UT App 1, ¶ 20, 176 P.3d 453. The court further explained that "a fact finder could have determined any damage amount based on the evidence presented. A jury verdict .'. . would have relied upon 'fixed rules of evidence and known standards of value.'" *Id.* (quoting *Fell*, 88 P. at 1007). However, the evidence presented at the trial below was incomplete at the time the case was settled. The value underlying the amount the parties agreed upon had never been submitted for decision by a factfinder and was not calculable to a mathematical certainty.

¶ 18 Furthermore, in ordering the award of prejudgment interest against the Gurneys, the district court misperceived the task of mathematical computation; it simply relied on the fact that the interest amount (as opposed to the so-called damage amount) was calculable to a mathematical certainty. As noted above, the rule in Utah is that prejudgment interest may be proper when "the loss ha[s] been fixed as of a definite time and *the amount of the loss* can be calculated with mathematical accuracy in accordance with well-established rules of damages." *Bellon*, 808 P.2d at 1097 (emphasis added). The mathematical accuracy standard does not apply to the calculation of prejudgment interest itself, but instead applies to the amount of damages found by the trier of fact. *See Bennett v. Huish*, 2007 UT App 19, ¶ 44, 155 P.3d 917 (upholding an award of prejudgment interest where "Plaintiffs' losses were fixed when Huish refused to return the money [in dispute]" and "[t]he amount of loss is quantifiable and calculable within a mathematical certainty" based on the damages found by the trier of fact).

### C. The Settlement of Claims is Encouraged

¶ 19 The Gurneys assert that awarding prejudgment interest on the parties' settle-

ment amount in this case is contrary to Utah's public policy of encouraging settlements. We agree.

¶ 20 We have long held that the public policy of Utah is to encourage settlements. *See Slusher v. Ospital,* 777 P.2d 437, 441 (Utah 1989); *Alvin G. Rhodes Pump Sales v. Indus. Comm'n,* 681 P.2d 1244, 1248 (Utah 1984). The purpose behind this policy is to " 'promote harmony and to prevent the waste of assets.' " *R & R Indus. Park, L.L.C. v. Utah Prop. & Cas. Ins. Guar. Ass'n,* 2008 UT 80, ¶ 46, 199 P.3d 917 (quoting *In re Estate of Chasel,* 725 P.2d 1345, 1348 (Utah 1986)). When parties agree to settle their claims, they move their dispute outside the realm of the judicial process. In so doing, they effectively agree to forego the assistance of the court in exchange for the immediacy and certainty of a settlement.

¶ 21 In this case, the parties' settlement was agreed upon in order to prevent the further expenditure of their assets on protracted litigation. The agreement did not include an admission or finding of liability, and no judgment was entered against either party. Additionally, the agreement did not specify what values and conditions made up the stipulated amount. These facts preclude the settlement amount from being characterized as damages and from falling within the standard of an amount of loss that can be calculated to a mathematical certainty.

¶ 22 For the reasons stated above, we hold that an award of prejudgment interest in this case was error. Further, we doubt whether a judicial award of prejudgment interest would ever be appropriate on a settlement amount stipulated to by the parties.[2]

## II. AN AWARD OF PREJUDGMENT INTEREST ON EQUITABLE CLAIMS

¶ 23 Because we conclude that the court of appeals erred in affirming the district court's award of prejudgment interest on the parties' settlement amount, we need not reach the Gurneys' argument regarding the applicability of prejudgment interest to equitable claims.

## CONCLUSION

¶ 24 For the foregoing reasons, we reverse the ruling of the court of appeals and vacate the district court's award of prejudgment interest.

¶ 25 Associate Chief Justice DURRANT, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM'S opinion.

---

**2.** While we do not reach an answer to this question today, we note that other jurisdictions have determined a judicial award of prejudgment interest is improper on a settlement amount. *See Witt v. State Farm Mut. Auto. Ins. Co.,* 942 P.2d 1326, 1327 (Colo.Ct.App.1997) (holding that the "plaintiff, by accepting the settlement and the distribution of its proceeds, has waived any right to assert a claim for prejudgment interest" where the plaintiff settled with the tortfeasor prior to trial); *Ramadanis v. Stupak,* 107 Nev. 22, 805 P.2d 65, 66 (1991) (implying that a settlement and prejudgment interest are mutually exclusive because "a plaintiff may choose to waive his or her right to prejudgment interest in favor of the certainty and immediacy of settlement payments"); *Miller v. Twin City Fire Ins. Co.,* No. 07–98–0061-CV, 1999 WL 7892, at *2, 1999 Tex. App. LEXIS 108, at *6 (Tex.App. Jan. 11, 1999) (unpublished) (holding that "neither statutory law nor common law provides that prejudgment interest may be awarded by a court for settlement agreements" because the agreement is not supported by an underlying judgment against one of the parties). Parties, of course, always have the ability to incorporate prejudgment interest considerations into their settlement negotiations, if they so choose.