2013 UT App 223

# THE UTAH COURT OF APPEALS

SUNDIAL INC.,
Plaintiff and Appellant,
*v.*
THE VILLAGES AT WOLF HOLLOW CONDOMINIUM
HOMEOWNER'S ASSOCIATION, INC.,
Defendant and Appellee.

Memorandum Decision
No. 20121026-CA
Filed September 12, 2013

Third District, West Jordan Department
The Honorable Mark S. Kouris
No. 080402632

James T. Dunn, Attorney for Appellant
Alan R. Stewart, Attorney for Appellee

JUDGE CAROLYN B. MCHUGH authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and STEPHEN L. ROTH
concurred.

McHUGH, Judge:

¶1      Sundial Inc. (Sundial) appeals from a judgment awarding it
damages for unjust enrichment on the ground that the trial court
failed to include prejudgment interest. We affirm.

¶2      The underlying claim for equitable relief relates to The
Villages at Wolf Hollow development, a sixty-four unit
condominium project (the Project) in Salt Lake County. The
original developer of the Project was Aurora Development, LC
(Aurora). In September 2001, Aurora recorded a declaration of
condominium that included bylaws for what later became The

Villages at Wolf Hollow Condominium Homeowner's Association, Inc. (the HOA).

¶3    In July 2004, Sundial purchased the last thirty-four condominium units in the Project that remained unsold, as well as two undeveloped building pads. At that time, Aurora was insolvent and unable to finish construction of the Project. Sundial wrote five checks totaling $44,500 to the HOA between December 2004 and June 2005. A portion of these payments was to cover the monthly assessments on the Sundial units and a large additional sum to ensure the Project's survival. After completion of the Project, a dispute arose between Sundial and the HOA over the treatment of these payments.

¶4    On February 11, 2008, Sundial filed a complaint alleging that the HOA had been unjustly enriched by the payments and requesting damages of $44,500 plus interest. The HOA filed an answer and counterclaim alleging that Sundial had failed to pay certain dues, fees, and other assessments. Subsequently, Sundial amended the amount requested in its unjust enrichment claim to $30,064.66 plus interest in order to reflect the dues, fees, and other assessments that were properly paid to the HOA.

¶5    After a bench trial, the trial court issued its memorandum decision and found that Sundial "paid significantly more than the monthly fees [it] was required to pay" because of an understanding that "the Project was on the brink of failure." The trial court found that the excess funds ensured the completion of the Project, thereby preventing liens from being recorded against the Project and avoiding foreclosure. Consequently, the trial court awarded Sundial $5,403 in damages on its unjust enrichment claim. In calculating this amount, the trial court first found that Sundial's overpayments were made, at least in part, for its own benefit. Thus, the trial court adopted a formula to isolate the benefit unjustly conferred on the HOA from the benefit to Sundial itself. The method the trial court selected was to multiply the total payment figure of $44,500 by 47%, which represents the percentage of units

not owned by Sundial. From the remaining $20,915, the trial court subtracted $15,512 in fees properly charged to Sundial, resulting in the final damage award of $5,403.

¶6     After the trial court issued its memorandum decision, counsel for Sundial submitted a proposed form of judgment, which included prejudgment interest at the rate of 10%. Although the HOA filed an objection to the proposed judgment, the trial court entered it on July 27, 2012. However, the trial court scheduled oral arguments on the HOA's objection for October 30, 2012. The HOA argued that prejudgment interest was inappropriate because a specific award was not foreseeable or mathematically certain until the trial court made its final ruling and determined how the unjust benefit to the HOA would be calculated. Sundial claimed that the court had correctly included prejudgment interest because the unjust benefit conferred on the HOA could be calculated with mathematical certainty based on specific amounts and dates. The trial court found the HOA's arguments persuasive and set aside the original judgment in favor of an amended judgment that did not include an award of prejudgment interest. Sundial filed a timely notice of appeal from the amended judgment.

¶7     The only issue Sundial raises on appeal is whether the trial court erred in failing to award prejudgment interest. "A trial court's decision to grant or deny prejudgment interest presents a question of law which we review for correctness." *Cornia v. Wilcox*, 898 P.2d 1379, 1387 (Utah 1995).

¶8     "[T]he legal rate of [prejudgment] interest for . . . any . . . chose in action shall be 10% per annum." Utah Code Ann. § 15-1-1(2) (LexisNexis 2009). Sundial does not dispute that its unjust enrichment claim against the HOA was a "chose in action." *See Snow, Nuffer, Engstrom & Drake v. Tanasse*, 1999 UT 49, ¶ 9, 980 P.2d 208 ("A 'chose in action' has been defined as 'a claim or debt upon which a recovery may be made in a lawsuit. It is not a present possession, but merely a right to sue; it becomes a "possessory thing" only upon successful completion of a lawsuit.'" (quoting

*Barron's Law Dictionary* 71 (3d ed. 1991))). However, an award of prejudgment interest pursuant to section 15-1-1(2) is not automatic. Prejudgment interest is appropriate only "when the loss ha[s] been fixed as of a definite time and the amount of the loss can be calculated with mathematical accuracy in accordance with well-established rules of damages." *Iron Head Constr., Inc. v. Gurney*, 2009 UT 25, ¶ 11, 207 P.3d 1231 (alteration in original) (citation and internal quotation marks omitted). "[W]here damages are incomplete or cannot be calculated with mathematical accuracy, . . . the amount of the damages must be ascertained and assessed by the trier of . . . fact at the trial, and in such cases prejudgment interest is not allowed." *Cornia*, 898 P.2d at 1387 (citation and internal quotation marks omitted). Accordingly, "equitable claims typically do not support an award of prejudgment interest because in most equitable cases the damages are not readily calculable to a mathematical certainty." *Kimball v. Kimball*, 2009 UT App 233, ¶ 41, 217 P.3d 733. Notwithstanding that general rule, this court has cautioned that "rel[ying] on the nature of the claim" to determine whether prejudgment interest is allowed is inappropriate. *Shoreline Dev., Inc. v. Utah Cnty.*, 835 P.2d 207, 211 (Utah Ct. App. 1992).

¶9     In the present case, the amount of damages could not have been determined with mathematical certainty prior to the trial court's ruling. Tellingly, Sundial calculated its unjust enrichment damages at $30,064.66 before trial, yet the trial court awarded only $5,403. This discrepancy occurred, in large part, because there are no "well-established rules" for calculating the unjust benefit that was conferred on the HOA. *See Iron Head*, 2009 UT 25, ¶ 11 (citation and internal quotation marks omitted). The trial judge was "left to determine the amount of damages from a mere description of the" benefits conferred on Sundial as opposed to those conferred on the HOA. *See id*. ¶ 12 (citation and internal quotation marks omitted). In making that assessment, the trial court considered the entire factual record, including that "Sundial had a financial stake in the [P]roject and needed to keep it viable to sell the 34 condominium units it had purchased," that Sundial's sole shareholder wanted the

Project to survive because his son was a resident, and that Sundial's sole shareholder intended to market the units as investment opportunities to his friends and former real estate clients. The trial court then carefully considered the benefit to the other residents of the Project and found that in the absence of Sundial's payments, Aurora would likely have defaulted on its construction loan, resulting in liens against the Project, unfinished common areas and amenities, and the devaluation of all of the units. Based on its assessment of this evidence, the trial court determined that some of the overpayments were mutually beneficial and therefore the full amount of those payments could not be included in a damage award for unjust enrichment.

¶10    As a result, the trial court fashioned a methodology to calculate how much of the overpayments were an unjust benefit to the HOA. The trial court was not bound to use the ratio between condominium units owned by Sundial and those owned by other residents to allocate the benefit conferred by the payments between the parties. Until the trial court selected a methodology, the amount of damages could not be ascertained with precision. As the trial court correctly noted, "three or four different judges could have heard this same case and maybe come up with different numbers." Another judge calculating damages might have concluded that the full amount of the overpayment, none of it, or some different percentage constituted the value of the unjust benefit enjoyed by the HOA. Thus, the damage amount here was determined by the broad discretion of the trier of fact. *See Encon Utah, LLC v. Fluor Ames Kraemer, LLC*, 2009 UT 7, ¶ 53, 210 P.3d 263 ("[L]osses that cannot be calculated with mathematical accuracy are *those in which the damage amounts are to be determined by the broad discretion of the trier of fact . . . .*" (citation and internal quotation marks omitted)).

¶11    Accordingly, the trial court correctly denied Sundial an award of prejudgment interest. Affirmed.

_____